STATE OF NORTH CAROLINA v. DORSEY TODD SORROW

No. COA10-1335

(Filed 19 July 2011)

**Constitutional Law— right to counsel—pro se representation— required inquiries**

The trial court erred by permitting defendant to waive counsel and proceed *pro se* at a probation revocation hearing where the court advised defendant of his right to counsel, but did not conduct a thorough inquiry that showed that defendant understood the consequences of his decision and that he comprehended the nature of the charges, the proceeding, and the range of possible punishments.

Appeal by defendant from judgment entered 9 August 2010 by Judge Laura J. Bridges in McDowell County Superior Court. Heard in the Court of Appeals 9 June 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Tracy C. Curtner, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Andrew DeSimone, for defendant-appellant.*

CALABRIA, Judge.

Dorsey Todd Sorrow ("defendant") appeals a judgment entered upon the trial court's revocation of his probation and activating his suspended sentence. Because the trial court failed to comply with N.C. Gen. Stat. § 15A-1242, we vacate and remand for a new probation revocation hearing.

———

STATE v. SORROW

[213 N.C. App. 571 (2011)]

## I. BACKGROUND

On 8 May 2008, defendant pled guilty to malicious conduct by a prisoner and resisting a public officer. The trial court consolidated the offenses for judgment and sentenced defendant to a minimum term of twenty months to a maximum term of twenty-four months in the custody of the North Carolina Department of Correction. The trial court suspended the sentence and placed defendant on supervised probation for thirty-six months.

On 13 November 2009, defendant's probation officer, Officer E. L. Robinson ("Officer Robinson"), filed a violation report alleging defendant violated the terms and conditions of his probation. On 4 February 2010, the trial court entered an order finding that defendant violated the terms of his probation. However, the trial court did not revoke defendant's probation. On 2 June 2010, the trial court entered an amended order extending defendant's probation for twelve months and ordering defendant to complete Recovery Ventures, a twenty-four month residential treatment program.

On 16 June 2010, Officer Robinson filed a second violation report alleging defendant violated the conditions of his probation in that he was terminated from Recovery Ventures for repeated rule violations. On 28 June 2010, defendant signed a "Waiver of Counsel" form, AOC-CR-227, but the trial court did not certify it.

Defendant's probation revocation hearing was heard before the 9 August 2010 Criminal Session of McDowell County Superior Court. At the start of the proceeding, the trial court engaged in a brief colloquy with defendant regarding his desire to proceed *pro se*. After the colloquy, the trial court allowed defendant to represent himself at the hearing.

The State then asked defendant whether he admitted or denied the alleged probation violation, and defendant admitted the violation. Defendant then signed a second "Waiver of Counsel" form, AOC-CR-227, which was identical to the one he signed on 28 June 2010, and the trial court certified defendant's waiver. The trial court subsequently found that defendant willfully violated a condition of his probation, revoked his probation, and activated his suspended sentence. Defendant appeals.

## II. WAIVER OF COUNSEL

Defendant's sole argument on appeal is that the trial court erred by permitting him to waive counsel and proceed *pro se* at a probation

revocation hearing without first satisfying the requirements of N.C. Gen. Stat. § 15A-1242. We agree.

The United States and North Carolina Constitutions guarantee the right to the assistance of counsel to criminal defendants. U.S. Const. amends. VI, XIV; N.C. Const. art. I, §§ 19, 23. Furthermore, in North Carolina, a defendant has a statutory right to the assistance of counsel at a probation revocation hearing. N.C. Gen. Stat. § 15A-1345(e) (2009). "Inherent to that right to assistance of counsel is the right to refuse the assistance of counsel and proceed *pro se.*" *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002) (citations omitted). "However, '[b]efore allowing a defendant to waive in-court represen- tation by counsel . . . the trial court must insure that constitutional and statutory standards are satisfied.' " *State v. Moore*, 362 N.C. 319, 322, 661 S.E.2d 722, 724 (2008) (quoting *State v. Thomas*, 331 N.C. 671, 673, 417 S.E.2d 473, 475 (1992)). "Once a defendant clearly and unequivocally states that he wants to proceed *pro se,* the trial court, to satisfy constitutional standards, must determine whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel." *Thomas*, 331 N.C. at 674, 417 S.E.2d at 476 (citations omitted). "[T]he record must show that the defendant was literate and competent, that he understood the conse- quences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will." *State v. Thacker*, 301 N.C. 348, 354, 271 S.E.2d 252, 256 (1980).

In order to determine whether a defendant's waiver meets this constitutional standard, the trial court must conduct a thorough inquiry, and perfunctory questioning is not sufficient. *Thomas*, 331 N.C. at 674, 417 S.E.2d at 476. "A trial court's inquiry will satisfy this constitutional requirement if conducted pursuant to N.C.G.S. § 15A-1242." *Moore*, 362 N.C. at 322, 661 S.E.2d at 724 (citation omitted). The trial court's inquiry under N.C. Gen. Stat. § 15A-1242 "is manda- tory and failure to conduct such an inquiry is prejudicial error." *State v. Pruitt*, 322 N.C. 600, 603, 369 S.E.2d 590, 592 (1988). Pursuant to N.C. Gen. Stat. § 15A-1242, a defendant may be permitted to proceed *pro se* after the trial court makes a thorough inquiry and is satisfied that defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this deci- sion; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2009).

> A waiver of counsel is ineffective at the probation revocation stage when the record fails to show that the defendant has knowingly and voluntarily waived the right; that is, after the trial court has made thorough inquiry and is satisfied that the defendant has been clearly advised of the right to counsel, that the defendant understands and appreciates the consequences of the decision to proceed *pro se*, and that the defendant comprehends the nature of the charges and proceedings and the range of possible punishments. When a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, *unless the rest of the record indicates otherwise.*

*State v. Warren*, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986) (emphasis added). *See also State v. Hardy*, 78 N.C. App. 175, 179, 336 S.E.2d 661, 664 (1985); *State v. Wells*, 78 N.C. App. 769, 338 S.E.2d 573 (1986).

In *Warren*, the defendant argued that the trial court erred by allowing him to waive counsel and proceed *pro se* at his probation revocation hearing "because there is no record that the trial court informed him of the range of permissible punishment he could receive from the probation violations, [therefore] his waiver could not have been knowing and voluntary." 82 N.C. App. at 87, 345 S.E.2d at 439. The defendant signed a written waiver similar to the one in the instant case, and the trial court certified the waiver. *Id.* at 87, 345 S.E.2d at 440. At the defendant's probation revocation hearing, when the trial court asked him if he had anything to say, the defendant replied:

> [Defendant]: Yes, sir. I just—I'm already doing time and I'd like to say that I'm guilty naturally by being sentenced. In other words, I automatically revoked my probation, but ask if any way possible, since this sentence is to be run consecutive—I lay myself on the mercy of the Court.

*Id.* at 88, 345 S.E.2d at 440. We held that the defendant's statement "suggests that [the] defendant *did* comprehend the nature of the charges and proceedings and at least the maximum possible punishment." *Id.* Therefore, our Court was "constrained to infer from the

written, signed waiver and the court's certification thereof, that the dictates of G.S. Sec. 15A-1242 were followed. [The d]efendant has simply failed to show that the waiver he executed was not knowing and voluntary." *Id.*

In *State v. Whitfield*, the defendant argued that the trial court erred by allowing her to waive counsel and proceed *pro se* at her probation revocation hearing "without properly determining whether her waiver of the right to counsel was knowing, intelligent, and voluntary." 170 N.C. App. 618, 619, 613 S.E.2d 289, 290 (2005). During the probation revocation hearing, the trial court engaged in the following exchange with the defendant:

> THE COURT: All right. Ms. Whitfield, do you understand that you have possibly 11 to 15 months hanging over your head?
>
> DEFENDANT: Yes, ma'am.
>
> THE COURT: You understand that?
>
> DEFENDANT: Yes, ma'am.
>
> THE COURT: If your probation is revoked, you may very well have your sentence activated, have to serve that time. You're entitled to have an attorney to represent you. Are you going to hire an attorney to represent you, represent yourself, or ask for a court appointed attorney[?] Of those three choices, which choice do you make?
>
> DEFENDANT: Represent myself.
>
> THE COURT: Put your left hand on the Bible and raise your right hand.
>
> (The Defendant was sworn by the Court)
>
> THE COURT: That is what you want to do, so help you God?
>
> DEFENDANT: Yes, ma'am.

*Id.* at 621, 613 S.E.2d at 291. Our Court held that the trial court "followed all three requirements set forth in N.C. Gen. Stat. § 15A-1242" because the court "informed [the] defendant of the right of assistance of counsel, including the right to a court-appointed attorney if [the] defendant was entitled to one," and "made sure that [the] defendant understood that her probation could be revoked, that her sentences could be activated, and that she could serve eleven to fifteen months in prison." *Id.* "Cognizant of these facts, [the] defendant verbally gave

a knowing, intelligent, and voluntary waiver of her right to counsel." *Id.* "Later, [the] defendant signed a document indicating that she waived her right to counsel and wanted to appear on her own behalf. Therefore, we have no doubt that [the] defendant intended to and did in fact waive her right to counsel." *Id.*

In the instant case, prior to the start of defendant's probation revocation hearing, defendant signed a "Waiver of Counsel" form, AOC-CR-227, indicating that he waived his right to counsel. The waiver stated, in pertinent part:

> I freely, voluntarily and knowingly declare that:
>
> . . .
>
> 2.  I waive my right to all assistance of counsel which includes my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear in my own behalf, which I understand I have the right to do.

At the probation revocation hearing, the following exchange occurred between the trial court and defendant:

> THE COURT:  Are you Mr. Sorrow?
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE COURT:  Do you understand you have the right to have an attorney represent you in this matter?
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE COURT:  You have signed a waiver saying you do not want a court-appointed attorney, but are you going to hire your own attorney or represent yourself?
>
> THE DEFENDANT:  I would like to represent myself at this point.
>
> THE COURT:  All right. Do you want to take care of this today?
>
> THE DEFENDANT:  Yes, ma'am. Yes, ma'am.

After defendant answered the court's questions, the State asked defendant whether he admitted or denied the alleged probation violation, and defendant admitted the violation. Subsequently, defendant signed a second "Waiver of Counsel" form, AOC-CR-227, which was identical to the first waiver. The trial court certified the second waiver. This certification stated:

I certify that the above named defendant has been fully informed in open court of the charges against him/her, the nature of and the statutory punishment for each charge, and the nature of the proceeding against the defendant and his/her right to have counsel assigned by the court and his/her right to have the assistance of counsel to represent him/her in this action; that the defendant comprehends the nature of the charges and proceedings and the range of punishments; that he/she understands and appreciates the consequences of his/her decision and that the defendant has voluntarily, knowingly and intelligently elected in open court to be tried in this action:

. . .

2. without the assistance of counsel, which includes the right to assigned counsel and the right to assistance of counsel.

Even though defendant executed two written waivers of counsel, one of which was certified by the trial court, these waivers are not presumed to have been knowing, intelligent, and voluntary because "the rest of the record indicates otherwise." *Warren*, 82 N.C. App. at 89, 345 S.E.2d at 441. Although the transcript shows that the trial court advised defendant of his right to counsel for the probation revocation hearing, there is nothing in the record or the transcript indicating that the trial court conducted a thorough inquiry that showed that "defendant understands and appreciates the consequences of the decision to proceed *pro se*, and that the defendant comprehends the nature of the charges and proceedings and the range of possible punishments." *Id. See also In re Watson*, —— N.C. App. ——, ——, 706 S.E.2d 296, 303 (2011); *State v. Dunlap*, 318 N.C. 384, 389, 348 S.E.2d 801, 804 (1986).

"In omitting the second and third inquiries required by N.C. Gen. Stat. § 15A-1242, the trial court failed to determine whether [the] defendant's waiver of his right to counsel was knowing, intelligent and voluntary." *Evans*, 153 N.C. App. at 316, 569 S.E.2d at 675. Failure to conduct the mandatory inquiry under N.C. Gen. Stat. § 15A-1242 is prejudicial error. *Thomas*, 331 N.C. at 674, 417 S.E.2d at 476. Accordingly, we vacate the judgment revoking defendant's probation and remand for a new hearing.

Although the trial court was not required to follow a specific "checklist" of questions when conducting its inquiry into defendant's waiver of counsel, trial courts should note our Supreme Court's language in *Moore*:

Although not determinative in our decision, we take this opportunity to provide additional guidance to the trial courts of this State in their efforts to comply with the "thorough inquiry" mandated by N.C.G.S. § 15A-1242. The University of North Carolina at Chapel Hill School of Government has published a fourteen-question checklist "designed to satisfy requirements of" N.C.G.S. § 15A-1242:

1. Are you able to hear and understand me?

2. Are you now under the influence of any alcoholic beverages, drugs, narcotics, or other pills?

3. How old are you?

4. Have you completed high school? college? If not, what is the last grade you completed?

5. Do you know how to read? write?

6. Do you suffer from any mental handicap? physical handicap?

7. Do you understand that you have the right to be represented by a lawyer?

8. Do you understand that you may request that a lawyer be appointed for you if you are unable to hire a lawyer; and one will be appointed if you cannot afford to pay for one?

9. Do you understand that, if you decide to represent yourself, you must follow the same rules of evidence and procedure that a lawyer appearing in this court must follow?

10. Do you understand that, if you decide to represent yourself, the court will not give you legal advice concerning defenses, jury instructions or other legal issues that may be raised in the trial?

11. Do you understand that I must act as an impartial judge in this case, that I will not be able to offer you legal advice, and that I must treat you just as I would treat a lawyer?

12. Do you understand that you are charged with ——, and that if you are convicted of this (these) charge(s), you could be imprisoned for a maximum of —— and that the minimum sentence is ——? (Add fine or restitution if necessary.)

13. With all these things in mind, do you now wish to ask me any questions about what I have just said to you?

14. Do you now waive your right to assistance of a lawyer, and voluntarily and intelligently decide to represent yourself in this case?

*See* 1 Super. Court Subcomm., Bench Book Comm. & N.C. Conf. of Super. Court Judges, *North Carolina Trial Judge's Bench Book* § II, ch. 6, at 12-13 (Inst. of Gov't, Chapel Hill, N.C., 3d ed. 1999) (italics omitted). While these specific questions are in no way required to satisfy the statute, they do illustrate the sort of "thorough inquiry" envisioned by the General Assembly when this statute was enacted and could provide useful guidance for trial courts when discharging their responsibilities under N.C.G.S. § 15A-1242.

*Moore*, 362 N.C. at 327-28, 661 S.E.2d at 727.

### III. CONCLUSION

The trial court's order revoking defendant's probation and activating his suspended sentence is vacated and this matter is remanded for a new probation revocation hearing.

Vacated and remanded.

Judges ELMORE and STEELMAN concur.