An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-152

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

v.                                    Robeson County
                                      No. 08 CRS 053583
JONATHAN MICHAEL ALLEN


Appeal by defendant from judgment entered 16 August 2013 by Judge Robert F. Floyd, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 13 August 2014.


> *Attorney General Roy Cooper, by Assistant Attorney General Michael E. Bulleri, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Jon H. Hunt, for defendant-appellant.*


HUNTER, Robert C., Judge.


Jonathan Michael Allen ("defendant") appeared *pro se* and entered an *Alford* plea on 16 August 2013 for: five counts of larceny of a motor vehicle, ten counts of breaking and entering, eleven counts of larceny after breaking and entering, five counts of breaking and entering a motor vehicle, two counts of felony larceny, two counts of misdemeanor larceny, and one count

of first degree burglary; as part of the plea agreement defendant also attained habitual felon status. All of the charges were consolidated into a class D felony for sentencing, for which defendant received an active sentence of 120 months to 153 months imprisonment. On appeal, defendant argues that the trial court erred by allowing him to proceed *pro se* without establishing that he (1) comprehended the nature of the charges against him and the range of permissible punishments, and (2) understood the consequences of proceeding without an attorney.

After careful review, we agree with defendant in part, vacate the judgment, and remand the case to the trial court.

**Background**

On 28 May 2008, emergency services were contacted after defendant was seen walking nude down a public highway. Sheriff's officers and EMS arrived on scene to find defendant sleeping in a truck bed. Defendant was transported to Southeastern Regional Medical Center, where he was placed under arrest after being identified as a suspect in a series of motor vehicle break-ins spanning three weeks in May 2008. After being discharged from the hospital and transported to the police station, defendant waived his *Miranda* rights and confessed to several break-ins and related crimes. On three separate

indictments entered 9 July 2008, 8 September 2008, and 16 February 2009, defendant was indicted on multiple charges of larceny of a motor vehicle; larceny and possession of a stolen motor vehicle; breaking and entering; larceny after breaking and entering; and several other offenses related to the series of motor vehicle break-ins for which he was arrested. Defendant was also formally charged with attaining habitual felon status.

On 16 May 2013, defendant appeared with his court-appointed attorney for a plea hearing in Robeson County Superior Court. At the beginning of the hearing, defendant told the trial court that he wished to proceed *pro se*. The trial court reminded defendant that he had been appointed an attorney and had the right to consult with that attorney. Defendant replied that he understood this right but still wished to proceed *pro se*. During this exchange, the trial court informed defendant that "if you choose to represent yourself . . . you would be required to know the law and courtroom procedure just like a lawyer would." Defendant asserted that he understood.

After defendant informed the trial court that he could read and write, the trial judge gave defendant a Waiver of Right to Counsel, form AOC-CR-227 ("Waiver of Counsel form"), and instructed defendant not to sign it until he had read and

understood its contents. Defendant signed the Waiver of Counsel form, informed the trial judge that he understood its contents, and further informed the trial judge that he was sure of his choice to proceed *pro se*. After defendant signed the Waiver of Counsel form, the trial judge asked, "[h]ave the charges been explained to you by your prior lawyers and do you understand the nature of the charges and every element of the charges against you?" Defendant answered in the affirmative.

Soon thereafter defendant entered an *Alford* plea to multiple charges of breaking and entering, larceny, and several other related offenses, including having attained the status of being an habitual felon. The plea agreement had been arranged by defendant's court-appointed attorney at an earlier date. The trial judge sentenced defendant to a term of 120 to 153 months imprisonment and gave defendant credit for 1,980 days previously spent in confinement. Defendant filed timely notice of appeal.

**Discussion**

**I. Compliance with Section 15A-1242**

On appeal, defendant contends that the trial court failed to satisfy the requirements of N.C. Gen. Stat. § 15A-1242 (2013) by allowing him to proceed *pro se* without establishing that he (1) comprehended the nature of the charges against him and the

range of permissible punishments, and (2) understood the consequences of proceeding without an attorney. Because we agree that the trial court failed to inquire as to whether defendant understood the range of permissible punishments, we vacate the underlying judgment and remand for further proceedings.

Inherent in the right to counsel guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 23 of the North Carolina Constitution is the right to refuse the assistance of counsel and proceed *pro se*. *State v. Sorrow*, 213 N.C. App. 571, 573, 713 S.E.2d 180, 182 (2011). A defendant's waiver of his right to be represented by counsel must be "clearly and unequivocally" expressed and the trial court "must make a thorough inquiry into whether the defendant's waiver was knowingly, intelligently and voluntarily made." *State v. Hyatt*, 132 N.C. App. 697, 702, 513 S.E.2d 90, 94 (1999). Section 15A-1242 provides the guidelines for satisfying the constitutional requirements that a defendant's waiver of counsel be voluntary, intelligent, and knowing:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242.

The inquiry under section 15A-1242 is "mandatory and must be made in every case in which a defendant elects to proceed without counsel." *State v. Callahan*, 83 N.C. App. 323, 324, 350 S.E.2d 128, 129 (1986). The inquiry is required at "every critical stage of the criminal process," which includes any hearing after "adversar[ial] judicial proceedings have been instituted . . . ." *State v. Frederick*, __ N.C. App. __, __, 730 S.E.2d 275, 278 (2012) (citations omitted). "The record must affirmatively show that the inquiry was made and that the defendant, by his answers, was literate, competent, understood the consequences of his waiver, and voluntarily exercised his own free will." *Callahan*, 83 N.C. App. at 324, 350 S.E.2d at 129. While a signed written waiver by a defendant creates a presumption that the defendant knowingly, intelligently, and voluntarily waived his right to counsel, the trial court must

still perform the mandatory inquiry under section 15A-1242. *State v. Whitfield*, 170 N.C. App. 618, 620, 613 S.E.2d 289, 291 (2005). Failure to conduct a proper inquiry under section 15A-1242 automatically amounts to prejudicial error. *State v. Pruitt*, 322 N.C. 600, 603, 369 S.E.2d 590, 592 (1988).

The circumstances of this case are comparable to *State v. Sorrow*, 213 N.C. App. 571, 713 S.E.2d 180 (2011), in which the defendant opted to waive counsel in a probation revocation hearing. In *Sorrow*, the trial court engaged in a colloquy nearly identical to that of the instant case, informing the defendant that he was entitled to have counsel appointed to him, asking the defendant if he was sure of his decision to waive counsel, and giving the defendant a waiver of counsel form to read and sign. *Id.* at 576, 713 S.E.2d at 183-184. On appeal, this Court held that the defendant's waiver of counsel was not proven to be "knowing, intelligent and voluntary" since the trial court did not engage in any inquiry regarding the range of permissible punishments for the crimes charged. *Id.* at 577, 713 S.E.2d at 184. Therefore, because the trial court failed to comply with section 15A-1242(3), the trial court's order revoking defendant's probation was vacated and the case was remanded to the trial court. *Id.* at 579, 713 S.E.2d at 185.

Here, although defendant's court-appointed counsel arranged the plea agreement, the record does not demonstrate that defendant comprehended the range of permissible punishments for the charges he was facing before he was allowed to proceed *pro se*. A defendant may be permitted to proceed without the assistance of counsel "*only after* the trial judge makes thorough inquiry and is satisfied that the defendant[] [c]omprehends . . . the range of permissible punishments." N.C. Gen. Stat. § 15A-1242(3) (emphasis added); *see also State v. Gentry*, __ N.C. App. __, __, 743 S.E.2d 235, 245 ("The trial court, however, must insure that constitutional and statutory standards are satisfied *before* allowing a criminal defendant to waive in-court representation." (emphasis added)), *disc. rev. denied*, __ N.C. __, 747 S.E.2d 552 (2013).

Before defendant signed his Waiver of Counsel form, the only time that the trial court mentioned that defendant was facing an active sentence was when the trial judge stated, "[b]ecause of the fact that you are facing a prison sentence, you have three rights[.]" At that time, defendant did not make any indication that he was aware of the "range of permissible punishments" as required by section 15A-1242(3). It was not until well after defendant had signed his Waiver of Counsel form

that the trial judge asked, "[h]ave the charges been explained to you by your prior lawyers and do you understand the nature of the charges and every element of the charges against you?" By this point, the trial court had already accepted defendant's signed Waiver of Counsel form and discussed the terms of defendant's plea agreement. Much later, after further discussing the plea agreement with defendant, the trial court specifically mentioned the 120 to 153 month sentence that was part of the negotiated plea agreement. However, the trial court never asked defendant if he was aware of the range of permissible punishments that defendant faced if he opted out of the plea arrangement. If defendant was unaware of the potential punishment he faced for the crimes charged, it would have been impossible for him to assess whether the terms of the plea agreement were desirable. Therefore, we cannot say that his waiver of counsel was "knowing, intelligent and voluntary" as required by law. *Sorrow*, 213 N.C. App. at 577, 713 S.E.2d at 184.

Since the record failed to affirmatively show that defendant comprehended the range of permissible punishments for his crimes before he was allowed to proceed *pro se*, the trial court failed to fully comply with section 15A-1242(3). *See*

*Callahan,* 83 N.C. App at 325, 350 S.E.2d at 130. Thus, we vacate the underlying judgment and remand this matter to the trial court. *See Sorrow*, 213 N.C. App. at 577, 713 S.E.2d at 184. Given this disposition, we need not reach defendant's alternative arguments on appeal.

## Conclusion

For the foregoing reasons, we hold that the trial court failed to conduct the mandatory inquiry under section 15A-1242. Thus, we vacate the underlying judgment and remand this matter to the trial court.

VACATED AND REMANDED.

Judges DILLON and DAVIS concur.

Report per Rule 30(e).