TYSON, Judge.
 

 *132
 
 Nicholas Johnson ("Defendant") appeals by writ of certiorari from judgment entered upon revocation of probation. We affirm.
 

 I. Factual and Procedural Background
 

 On 29 July 2013, Defendant pled guilty to one count of felony possession/distribution of a precursor chemical and three counts of felony possession/distribution of a methamphetamine precursor in McDowell County Superior Court. The trial court entered judgment in accordance with the plea agreement, and imposed four consecutive active sentences of 19 to 32 months imprisonment. The sentences were suspended, and Defendant was placed on supervised probation for 36 months.
 

 Defendant's probation was subsequently transferred to Nash County. On 7 May 2014, Defendant's probation officer, Howard Clark ("Officer
 
 *133
 
 Clark"), filed three probation violation reports against Defendant. The violation reports alleged Defendant had willfully
 
 *551
 
 violated the conditions of his probation by: (1) moving from his place of residence without obtaining prior permission and failing to notify his supervising officer; (2) failing to report for scheduled appointments on 20 March 2014, 24 March 2014, and 28 March 2014; (3) being in arrears in the amount of $587.00 for his court indebtedness; and (4) being in arrears in the amount of $360.00 for his probation supervision fees. The violation reports also stated: "Furthermore, the Defendant has failed to make his whereabouts known to the probation department therefore the Defendant is declared an absconder."
 

 Over a month later, Officer Clark filed an additional probation violation report on 19 June 2014. This report contained the same allegations against Defendant for willfully violating his probation conditions as the 7 May 2014 reports.
 

 A probation violation hearing was held on 28 January 2015 in Nash County Superior Court. At the beginning of the hearing, Defendant's counsel stated: "Judge, [Defendant] admits the fact that he's an absconder." Defendant's counsel explained Defendant
 

 was working in Johnston County for a construction company and was ... getting up early and going to work and getting home late, coming home. And the young lady that he was living with, the mother of his children, was in contact with the probation officer and was making all the arrangements with respect to the appointments [with his probation officer.] She was telling him what was required of him and ... he was giving her money he was earning working his job and ... he thought she was making the payments for him and that he was in good standing. Ultimately, Judge, he found out that she was deceiving him in many ways. They have parted ways, she is now in prison, but he was working and in his mind he was in good standing with the probation officer.
 
 Now, eventually he found that he was not, and he did not immediately turn himself in. He was picked up.
 
 So that's where he is at fault.
 

 (emphasis supplied).
 

 Officer Clark testified the woman to whom Defendant had entrusted handling his probation matters was arrested on 24 June 2014, when "she was picked up in Johnston County and there was a meth lab found in the hotel room where [she and Defendant] were staying." Officer Clark
 
 *134
 
 added that Defendant remained at-large, with his whereabouts unknown, and "was not captured until August of 2014 in McDowell County."
 

 The trial court determined Defendant "was in willful violation [of his probation] without lawful excuse[.]" The trial court revoked Defendant's probation and activated his suspended sentences of four consecutive terms of 19 to 32 months imprisonment. Defendant gave timely notice of appeal to this Court.
 

 II. Issue
 

 Defendant argues the trial court erred by revoking his probation and activating his suspended sentences, without statutory authority to do so.
 

 III. Standard of Review
 

 A proceeding to revoke probation is often regarded as informal or summary, and the court is not bound by strict rules of evidence. An alleged violation by a defendant of a condition upon which his sentence is suspended need not be proven beyond a reasonable doubt. All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion.
 

 State v. Tennant,
 

 141 N.C.App. 524
 
 , 526,
 
 540 S.E.2d 807
 
 , 808 (2000) (citations and internal quotation marks omitted). An abuse of discretion will be found when the trial court's ruling is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 State v. Campbell,
 

 359 N.C. 644
 
 , 673,
 
 617 S.E.2d 1
 
 , 19 (2005) (citation omitted),
 
 cert. denied,
 

 547 U.S. 1073
 
 ,
 
 126 S.Ct. 1773
 
 ,
 
 164 L.Ed.2d 523
 
 (2006). "Nonetheless, when a trial court's determination relies on statutory interpretation, our review is
 
 de novo
 
 because those
 
 *552
 
 matters of statutory interpretation necessarily present questions of law."
 
 Moore v. Proper,
 

 366 N.C. 25
 
 , 30,
 
 726 S.E.2d 812
 
 , 817 (2012) (citations omitted).
 

 IV. Analysis
 

 A. Notice of Appeal
 

 We first address the sufficiency of Defendant's
 
 pro se
 
 notice of appeal. N.C. Gen.Stat. § 15A-1347 provides defendants with a statutory
 
 *135
 
 right to appeal judgments entered, which revoke probation, as provided under N.C. Gen.Stat. § 7A-27. N.C. Gen.Stat. § 15A-1347(a) (2015).
 

 Defendant timely filed written notice of appeal on 9 February 2015. The Office of the Appellate Defender was appointed to represent him on 12 February 2015. Defendant acknowledges his notice of appeal did not "designate the judgment or order from which appeal is taken" or "the court to which appeal is taken," as required by Rule 4(b) of the North Carolina Rules of Appellate Procedure. N.C.R.App. P. Rule 4(b). There was also no indication the Nash County District Attorney's Office was served with the notice.
 

 Id.
 

 Defendant concedes his written notice failed to conform to the requirements of Rule 4 in several respects.
 

 Defendant has filed a petition for writ of certiorari in this Court, in which he seeks appellate review in the event his notice of appeal is deemed to be insufficient. In light of Rule 4, discussed
 
 supra,
 
 we dismiss Defendant's appeal due to failure to file proper notice of appeal. In our discretion, we grant Defendant's petition for writ of certiorari for the purpose of reviewing the judgment from the trial court. N.C.R.App. P. 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action [.]").
 
 See also
 

 State v. Crawford,
 

 225 N.C.App. 426
 
 , 427,
 
 737 S.E.2d 768
 
 , 770,
 
 disc. review denied,
 

 366 N.C. 590
 
 ,
 
 743 S.E.2d 196
 
 (2013) ;
 
 State v. Talbert,
 

 221 N.C.App. 650
 
 , 651,
 
 727 S.E.2d 908
 
 , 910 (2012).
 

 B. Probation Revocation
 

 Defendant argues the trial court erred by revoking his probation and activating his sentences based upon impermissible grounds under the Justice Reinvestment Act. We disagree.
 

 Probation violation hearings are generally informal, summary proceedings and the alleged probation violations need not be proven beyond a reasonable doubt.
 
 State v. Duncan,
 

 270 N.C. 241
 
 , 245-46,
 
 154 S.E.2d 53
 
 , 57 (1967). The burden of proof rests upon the State to show a defendant willfully violated his probation conditions.
 
 State v. Seagraves,
 

 266 N.C. 112
 
 , 113-14,
 
 145 S.E.2d 327
 
 , 329 (1965).
 

 The State must present substantial evidence of each probation violation.
 
 State v. Millner,
 

 240 N.C. 602
 
 , 605,
 
 83 S.E.2d 546
 
 , 548 (1954). "All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant
 
 *136
 
 has violated a valid condition upon which the sentence was suspended."
 
 State v. Robinson,
 

 248 N.C. 282
 
 , 285-86,
 
 103 S.E.2d 376
 
 , 379 (1958) (citations omitted).
 

 "The minimum requirements of due process in a final probation revocation hearing ... shall include ... a written judgment by the [trial court] which shall contain (a) findings of fact as to the evidence relied on, [and] (b) reasons for revoking probation."
 
 State v. Williamson,
 

 61 N.C.App. 531
 
 , 533-34,
 
 301 S.E.2d 423
 
 , 425 (1983) (citations omitted). Findings of fact noted by the trial court on pre-printed, standard forms are sufficient to comply with the statutory and due process requirements.
 
 State v. Henderson,
 

 179 N.C.App. 191
 
 , 197,
 
 632 S.E.2d 818
 
 , 822 (2006).
 

 The trial court has authority to alter or revoke a defendant's probation pursuant to N.C. Gen.Stat. § 15A-1344(a). The Justice Reinvestment Act of 2011 ("the JRA") amended this subsection to provide that a trial court may revoke probation and activate the suspended sentence
 
 only
 
 if a defendant: (1) commits a new criminal offense in violation of N.C. Gen.Stat. § 15A-1343(b)(1) ; (2)
 

 *553
 
 absconds supervision in violation of N.C. Gen.Stat. § 15A-1343(b)(3a) ; or (3) violates a condition of probation after serving two prior periods of confinement in response to violations under N.C. Gen.Stat. § 15A-1344(d2). N.C. Gen.Stat. § 15A-1344(a) (2015). For all other probation violations, the trial court may modify the terms and conditions of probation or impose a ninety-day period of confinement in response to a violation.
 

 Id.
 

 N.C. Gen.Stat. § 15A-1343(b)(3a) mandates, as a regular condition of probation, a defendant must "[n]ot abscond by willfully avoiding supervision or by willfully making [his] whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation." N.C. Gen.Stat. § 15A-1343(b)(3a) (2015).
 

 1. State v. Williams
 

 Defendant argues the violation reports merely alleged violations of N.C. Gen.Stat. §§ 15A-1343(b)(2) and (b)(3), neither of which are sufficient to revoke his probation and activate his suspended sentences pursuant to the JRA. Defendant contends no evidence was submitted at his probation revocation hearing, which would allow the trial court to find he had absconded within the meaning of, and under the amendments to, the JRA to allow the trial court to revoke his probation.
 

 In support of his argument, Defendant relies on this Court's recent decision in
 
 State v. Williams,
 
 --- N.C.App. ----,
 
 776 S.E.2d 741
 
 (2015). In
 
 Williams,
 
 the probation officer alleged the defendant was not reporting
 
 *137
 
 as instructed and leaving the state without permission, as evidence that the defendant was absconding. The probation officer testified although the defendant had missed several scheduled appointments, he and the defendant had spoken via telephone on multiple occasions during this time period.
 

 This Court held the State "failed to prove a violation of the absconding provision in N.C. Gen.Stat. § 15A-1343(b)."
 
 Williams,
 
 --- N.C.App. at ----,
 
 776 S.E.2d at 742
 
 . The evidence presented by the State in
 
 Williams
 
 merely showed the defendant was violating his probation by not reporting to his probation officer as directed and leaving the jurisdiction of the court without permission. Notably, the defendant in
 
 Williams
 
 was
 
 not
 
 "willfully avoiding supervision" or "willfully making [his] whereabouts unknown" because he had remained in contact with his probation officer throughout the time period of his alleged violations. N.C. Gen.Stat. § 15A-1343(b)(3a). This Court held this evidence alone was insufficient to show the defendant was absconding, in violation of N.C. Gen.Stat. § 15A-1343(b)(3a).
 

 Id.
 

 Furthermore, the trial court in
 
 Williams
 
 concluded the hearing by stating: "The court finds Defendant in willful violation of the terms and conditions of probation, and his probation is revoked and his sentence is activated."
 
 Williams,
 
 --- N.C.App. at ----,
 
 776 S.E.2d at 744
 
 . This statement, without more, made it impossible for this Court to determine whether the trial court had revoked the defendant's probation for violation of a general condition of probation, or one of the specifically enumerated violations in the JRA, for which it is permissible for a court to revoke a defendant's probation and activate his suspended sentence.
 

 We find
 
 Williams
 
 to be distinguishable from the facts and findings at bar. Here, the evidence of record, including allegations contained within the violation reports and the testimony at Defendant's probation revocation hearing, were sufficient for the trial court to find and conclude Defendant had willfully absconded under N.C. Gen.Stat. § 15A-1343(b)(3a), revoke his probation, and activate his suspended sentences. The violation reports alleged, and the evidence and admissions at the hearing clearly show, Defendant not only moved from his place of residence, without notifying or obtaining prior permission from his probation officer, but willfully avoided supervision for multiple months and failed to make his whereabouts known to his probation officer at any time thereafter. The testimony and admissions at Defendant's hearing revealed Defendant did not notify, and was not in contact with, his probation officer; rather, he relied on the woman with whom he was living to serve as
 
 *138
 
 the "liaison" between himself and his probation officer, and to make his required payments.
 
 *554
 

 2. Absconding
 

 At Defendant's probation revocation hearing, Defendant's counsel conceded: "Judge, [Defendant] admits the fact that he's an absconder." Counsel for Defendant explained even after Defendant learned he was not in "good standing" with his probation officer, he failed to "immediately turn himself in." Officer Clark testified he was unaware of Defendant's whereabouts and Defendant "was not captured until August of 2014 in McDowell County[,]" far across the state from his registered residence in Nash County, three months after the alleged violations had occurred.
 

 Following Defendant's hearing, the trial court completed a "Judgment and Commitment Upon Revocation of Probation-Felony" form. The trial court checked the appropriate boxes to indicate: (1) it had considered the record, together with the evidence presented by the parties; (2) Defendant was charged with allegations contained within the violation reports; (3) Defendant waived a violation hearing and admitted he had violated each of the conditions of his probation, as alleged in the violation reports; and (4) the trial court's decision to revoke Defendant's probation and activate his suspended sentences was based on his willful violation of the condition that he not abscond from supervision.
 

 The State presented substantial evidence Defendant had "willfully avoid[ed] supervision" and "willfully ma[de his] whereabouts unknown" to "reasonably satisfy" the trial judge Defendant had violated the conditions of his probation by willfully absconding. N.C. Gen.Stat. § 15A-1343(b)(3a) ;
 
 Robinson,
 

 248 N.C. at 285-86
 
 ,
 
 103 S.E.2d at 379
 
 . The trial court lawfully revoked Defendant's probation and activated his suspended sentences. This argument is overruled.
 

 V. Conclusion
 

 The State presented sufficient evidence to show Defendant had willfully violated the conditions of his probation by absconding. The State satisfied its evidentiary burden, and the trial court properly exercised its statutory authority under the JRA to revoke Defendant's probation and activate his suspended sentences. The trial court's findings of fact were sufficient to support the trial court's conclusion and decision to revoke Defendant's probation.
 
 Henderson,
 

 179 N.C.App. at 197
 
 ,
 
 632 S.E.2d at 822
 
 . The trial court's judgment is affirmed.
 

 AFFIRMED.
 

 Judges CALABRIA and DAVIS concur.