An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-272

Filed 17 December 2025

Caswell County, No. 21 CR 050148-160

STATE OF NORTH CAROLINA

v.

JIMMIE EDWARD JOHNSON

Appeal by Defendant from order entered 6 August 2024 by Judge R. Stuart Albright in Caswell County Superior Court. Heard in the Court of Appeals 25 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Jeanne H. Washburn, for State.*
>
> *Attorney Sarah Holladay, for Defendant–Appellant.*

MURRY, Judge.

Jimmie E. Johnson (Defendant) appeals the trial court's order that modifies and extends his probation, arguing that the trial court failed to statutorily inquire into his desire to proceed in the probation hearing pro se. For the reasons discussed below, this Court holds that the trial court erred in its failure to do so and thus reverses and remands the order for proceedings not inconsistent with this opinion.

## I.   Background

In April 2023, Defendant was convicted of selling cocaine and placed on probation as a result. On 13 June 2024, Defendant's probation officer alleged that he violated his probation by testing positive for marijuana on multiple occasions, owing over $1,000 in court-mandated fees, and failing to complete certain drug-treatment plans. At the initial continuance hearing on 16 July 2024, the then-presiding judge asked whether Defendant would prefer to either "represent [him]self or hire [his] own attorney." Defendant summarily chose the former and "sign[ed] a waiver" to that effect. This initial judge made no further inquiries beyond this exchange.

At the probation hearing itself on 6 August 2024, a different presiding judge stated for the record that Defendant "waived [counsel] and indicated he wanted to represent himself in this matter."[1] He reaffirmed his desire for self-representation but did not expand on his rationale for doing so. This latter trial judge ultimately found Defendant in violation of his probation. As a consequence, it ordered him to "serve a five-month split sentence . . . with no credit for time served" and extended his probationary period for another year and a half. Defendant failed to timely appeal and instead now petitions this Court for a writ of certiorari through his court-appointed counsel.

---

[1]   On 16 July 2024, Defendant first waived his right to counsel before Judge John M. Morris. He then reaffirmed this waiver before Judge R. Stuart Albright on 5 August 2024. For the sake of brevity, we collectively refer hereinafter to these judges as "the trial court."

## II. Jurisdiction

Defendant concedes his failure to timely appeal the trial court's order and instead petitions this Court for a writ of certiorari under N.C. Rule of Appellate Procedure 21. *See* N.C. R. App. P. 21(a)(1) ("The writ of certiorari may be issued . . . when the right to prosecute an appeal has been lost by failure to take timely action . . . ."); N.C.G.S. § 15A-1422(c)(3) (2025) (statutory authorization for writ). Defendant asks this Court to grant his writ because he "lost the right to appeal through no deliberate act of his own" and because doing so would "no[t] prejudice . . . the State." Defendant's "functional[ ] illitera[cy]" reasonably informs his "failure to give formal notice" of appeal at trial. His claim focuses on an inability to adequately comprehend the nature of the trial court's proceedings, which indicates "the likelihood . . . [of] some error of law in the case." *Cryan v. Nat'l Council of YMCAs of U.S.*, 384 N.C. 569, 572 (2023). Furthermore, the State's implicit decision to not contest Defendant's petition indicates an easily resolvable case that would not otherwise risk a "considerable waste of judicial resources." *Id.* In our discretion, we thus grant Defendant's petition for a writ of certiorari.

## III. Analysis

On appeal, Defendant argues that the trial court erred (1) by allowing him to proceed pro se and (2) by extending his probation without "finding . . . good cause to do so." The State concedes the former but contests the latter, asserting that the trial "court made findings orally at the hearing." Because we agree with the State on both

issues after reviewing them *de novo, see State v. Lindsey*, 271 N.C. App. 118, 124 (2020) (counsel waiver); *State v. Lytle*, 287 N.C. App. 657, 658 (2023) (probationary findings), we vacate the order and remand for a proper colloquy as to whether Defendant made "a knowing, voluntary, and intelligent waiver" of counsel.[2] *Lindsey*, 271 N.C. App. at 129 (citing N.C.G.S. § 15A-1242(3)).

Both the Federal and State Constitutions "guarantee the right to the assistance of counsel to criminal defendants." *State v. Sorrow*, 213 N.C. App. 571, 573 (2011) (first citing U.S. Const. amends. VI, XIV; and then citing N.C. Const. art. I, §§ 19, 23). A criminal defendant may choose to proceed without any appointed counsel only if the trial court first "thorough[ly] inquir[es]" to its own "satisf[action] that the defendant" (1) is "clearly advised of [t]his right . . . ; (2) [u]nderstands and appreciates the consequences of this decision; and (3) [c]omprehends the nature of the charges and proceedings and the range of permissible punishments." N.C.G.S. § 15A-1242. A

---

[2] Outside of constitutional protections, North Carolina affords its defendants "the statutory right to the assistance of counsel at a probation[-]revocation hearing." *State v. Sorrow*, 213 N.C. App. 571, 573 (2011) (citing N.C.G.S. § 15A-1345(e) (2023)). Even so, a trial court may modify a criminal defendant's probation if it finds in relevant part and "for good cause shown" a "violat[ion of] one or more conditions of probation prior to [its] expiration." N.C.G.S. § 15A-1344(f)(2)–(3). Although the trial court "must actually . . . ma[k]e" these findings that "cannot simply be inferred from the record," *State v. Morgan*, 372 N.C. 609, 617 (2019), their documentation "on pre-printed, standard forms . . . compl[ies] with . . . statutory and due[-]process requirements," *State v. Johnson*, 246 N.C. App. 132, 136 (2016). Here, the trial court documented its statutorily required findings on the standard form of AOC-CR-609 and orally reflected them at the hearing itself. But its concurrent failure to colloquize Defendant voids these findings on this appeal. On remand, the trial court may adhere to its statutory requirements by documenting any required findings in the same procedural manner.

trial court prejudicially errs if it "fail[s] to conduct th[is] mandatory inquiry." *Sorrow*, 213 N.C. App. at 577.

Here, neither trial court engaged in the sort of colloquy that would otherwise comply with § 15A-1242's mandate. The first judge merely stated in passing that Defendant "may waive that right to counsel" by either "represent[ing him]self or hir[ing his] own attorney." Although Defendant replied with a summary desire to "[r]epresent [him]self," the next judge curtly reaffirmed this desire with a short, three-line exchange prior to extending his probation. These conversations fall short of the "clear and unequivocal request to waive representation," *Lindsey*, 271 N.C. App. at 126 (quotation omitted) (collecting "[e]xchanges that have amounted to a 'clear indication' of the desire to proceed pro se"), because at no point did they touch upon "the consequences of this decision" or "the nature of the charges and proceedings," N.C.G.S. § 15A-1242(2)–(3). Thus, this Court holds that the trial court prejudicially erred by "fail[ing] to conduct th[is] mandatory inquiry." *Sorrow*, 213 N.C. App. at 577.

## IV.  Conclusion

For the reasons discussed above, this Court holds that the trial court prejudicially erred in its failure to adequately colloquize Defendant and thus vacates and remands its order to determine whether he made "a knowing, voluntary, and intelligent waiver" of counsel. *Lindsey*, 271 N.C. App. at 129.

VACATED AND REMANDED

Chief Judge DILLON and Judge ARROWOOD concur.

Report per Rule 30(e).