**IN RE APPEAL OF FOUNDATION HEALTH SYSTEMS CORP.**

[96 N.C. App. 571 (1989)]

---

IN THE MATTER OF THE APPEAL OF FOUNDATION HEALTH SYSTEMS CORPORATION FROM THE DENIAL OF ITS REQUEST FOR EXEMPTION BY THE FORSYTH COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1986, Appellant

No. 8810PTC850

(Filed 19 December 1989)

**1. Taxation § 22.1 (NCI3d)— outpatient surgery center—hospital—entitlement to exemption from taxation**

The North Carolina Property Tax Commission erred in concluding that petitioner was not a hospital because it did not provide 24-hour continuous nursing care or inpatient care

IN RE APPEAL OF FOUNDATION HEALTH SYSTEMS CORP.

[96 N.C. App. 571 (1989)]

or services, since petitioner was an outpatient surgical center providing operating rooms and related services, and petitioner did fit well within the general definition of a hospital. N.C.G.S. § 105-278.8.

**Am Jur 2d, State and Local Taxation §§ 370, 385, 386.**

2. **Taxation § 22.1 (NCI3d) — outpatient surgery center — charitable purpose — exemption from taxation**

The North Carolina Property Tax Commission incorrectly concluded that petitioner was not wholly and exclusively operated for a charitable purpose, since the conclusion was unsupported by any findings of fact and was directly contradicted by the finding that petitioner provided facilities for the treatment of emergency or urgent care patients without regard for their ability to pay and that it charged fees lower than those of nearby Forsyth Memorial Hospital. N.C.G.S. § 105-278.7.

**Am Jur 2d, State and Local Taxation §§ 370, 385, 386.**

APPEAL by petitioner-appellant Foundation Health Systems Corporation from the North Carolina Property Tax Commission sitting as the State Board of Equalization and Review. Final decision entered 2 June 1988. Heard in the Court of Appeals 14 March 1989.

*Petree Stockton & Robinson, by G. Gray Wilson and Steve M. Pharr, for petitioner-appellant.*

*County Attorney P. Eugene Price, Jr. and Assistant County Attorney Jonathan V. Maxwell for Forsyth County, appellee.*

ORR, Judge.

Petitioner-appellant, Foundation Health Systems Corporation (Petitioner), is a subsidiary of Carolina Medicorp, Inc. According to its Articles of Incorporation, it was established for the purpose of constructing, equipping, staffing, operating and maintaining an ambulatory surgery center for the residents of Forsyth County. Consistent with that purpose, petitioner currently operates an outpatient surgical center with operating rooms designed to render related services. It is used by area surgeons to perform surgical procedures such as cataract surgeries, arthroscopies, tendon restorations and other minor surgical procedures. Some of these services

are performed on an emergency care basis but most are performed on an urgent care basis.

Petitioner accepts Medicare and other programs' assignments of benefits in lieu of payment. It makes reasonable efforts to charge and collect fees from those clients who are able to pay for their treatment. Petitioner carries a deficit on the uncollectable portions of the outstanding payments of its patients.

In 1986, petitioner filed an application for exemption from property taxation on the ground that it is a non-profit outpatient facility and is owned and operated by a charitable, non-profit tax exempt corporation. By letter from the Tax Supervisor/Collector dated 30 April 1986, that request was denied.

Thereafter, petitioner appealed to the Forsyth County Board of Equalization and Review (Board) on 24 June 1986. Mr. Pardue, the Tax Supervisor/Collector, informed petitioner by letter dated 2 September 1986 that after evaluating the Board's consideration of the oral and written materials submitted, it had voted to deny petitioner's request for tax exemption.

Petitioner subsequently filed application for a hearing before the Property Tax Commission (Commission) on 23 September 1986. In its application, petitioner excepted to the county Board's decision on the ground that the subject property is exempt from taxation as a non-profit charitable hospital facility, pursuant to G.S. 105-278.8. Forsyth County filed a response in opposition to petitioner's application for hearing. The response stated, *inter alia*, that the appellant's property does not qualify for the requested exemption, and that its application should be dismissed.

On 29 October 1986, a final pre-hearing was held. At the pre-hearing, numerous stipulations were made and other preliminary matters were settled.

At the actual hearing before the Commission, petitioner introduced evidence relating to: (1) its application for exemption, (2) its incorporation, (3) its fee schedule, (4) the leasing agreement covering the property in question, and numerous other items. Forsyth County submitted evidence similar to that submitted by petitioner. The Commission concluded that the subject property does not qualify for any exemptions, and that it is subject to taxation. From that determination, petitioner appeals.

I.

At the outset, we note that the scope of review in cases which have been appealed from the Commission is determined by G.S. 105-345.2. The pertinent portions of that statute state:

(b) So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of statutory authority or jurisdiction of the Commission; or

(3) Made upon unlawful proceedings; or

(4) Affected by other errors of law; or

(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

(6) Arbitrary or capricious.

(c) In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party and due account shall be taken of the rule of prejudicial error. The appellant shall not be permitted to rely upon any grounds for relief on appeal which were not set forth specifically in his notice of appeal filed with the Commission.

G.S. 105-345.2(b) and (c) (1989). An appellate court may not, however, "substitute its judgment for that of the agency when two reasonable conflicting results could be reached. . . ." *In re Southview Presbyterian Church*, 62 N.C. App. 45, 47, 302 S.E.2d 298, 299, *rev. denied*, 309 N.C. 820, 310 S.E.2d 354 (1983).

II.

In the case at bar, petitioner has raised two questions for our review. The first question relates to whether the Commission

erred in denying its request for a charitable purposes property tax exemption under G.S. 105-278.7 and 105-278.8. The second issue relates to the Commission's conclusion that petitioner is not a "hospital" which is entitled to a charitable purposes property tax exemption. Petitioner argues that it qualifies for a charitable purposes property tax exemption under G.S. 105-278.7 which deals with tax exemptions for "[r]eal and personal property used for educational, scientific, literary, or charitable purposes[,]" and under G.S. 105-278.8 which governs tax exemptions for "[r]eal and personal property used for charitable hospital purposes." We begin by addressing petitioner's argument made under G.S. 105-278.8 since this section deals more directly with the questions raised by petitioner.

G.S. 105-278.8 states in part that:

(a) Real and personal property held for or owned by a hospital organized and operated as a nonstock, nonprofit, charitable institution (without profit to members or their successors) shall be exempted from taxation if actually and exclusively used for charitable hospital purposes.

. . .

(c) Within the meaning of this section, a charitable hospital purpose is a hospital purpose that has humane and philanthropic objectives; it is a hospital activity that benefits humanity or a significant rather than limited segment of the community without expectation of pecuniary profit or reward. However, the fact that a qualifying hospital charges patients who are able to pay for services rendered does not defeat the exemption granted by this section.

Pursuant to the language of this statute, the test to determine whether an exemption may be granted is: (1) whether the applicant is a hospital organized and operated without profit to members, (2) exclusively used for humane and philanthropic objectives which benefit a significant segment of the community, and (3) does so without expectation of reward or profit. Furthermore, an applicant which meets the requirements of this test will not be rejected simply because it charges those patients who are able to pay for their services.

The Commission set forth the following Findings of Fact:

2. The facility is an outpatient surgical center providing operating rooms and related services. Area surgeons use the facility for a variety of surgical procedures, including cataract surgeries, arthroscopies, severed tendon restorations, etc. A limited number of surgical procedures are performed on an emergency basis, with emergency patients moved from the nearby emergency room at Forsyth Memorial Hospital to HSC for surgery, then back to the hospital.

3. As a facility designed and built solely for outpatient surgery, HSC is more efficient to operate than the outpatient surgery clinic at nearby Forsyth Memorial; therefore HSC's operating costs are lower than those of Forsyth Memorial. These savings are reflected in the fees charged by HSC, which are lower than those of the hospital.

4. HSC 'accepts assignment' of Medicare benefits. As a result, HSC writes off the difference between its fees and the amounts paid by Medicare (and certain other programs), without attempting to collect this difference from its patients.

5. With the exception noted above, HSC makes reasonable efforts to collect amounts owed to it by patients, but has not, as of the hearing date, ever elected to sue to collect a bill.

6. The surgical procedures conducted at HSC, for the most part, require general anesthesia. Such procedures are not typically performed in a doctor's office.

7. The appellant is a non-profit corporation for state and federal income tax purposes. The appellant's goal, in creating its fee structure, is to meet all expenses and generate a reasonable reserve. The facility is not operated for profit.

8. HSC patients enter the facility for surgery and depart on the same day. HSC does not provide 24-hour continuous nursing care. HSC does not provide inpatient care or services.

9. HSC provides facilities for the treatment of emergency or urgent care patients without regard for their ability to pay.

10. HSC charges all patients for services rendered and attempts to collect such charges, with the exceptions noted in paragraphs 4 and 5 above.

Based upon these findings, the Commission ultimately concluded that plaintiff was not entitled to an exemption under G.S.

**IN RE APPEAL OF FOUNDATION HEALTH SYSTEMS CORP.**

[96 N.C. App. 571 (1989)]

105-278.8 because it did not meet the test set out in the statute in that (1) it was not a hospital, and (2) the property was not "wholly and exclusively used by the appellant for a charitable purpose or purposes."

[1] First, we will address the specific conclusion that "HSC is not a 'hospital,' within the meaning of that term as used in G.S. 105-278.8." We find that the Commission's use of the definition of "hospital" under the Hospital Licensure Act has no applicability to the construction of that term under the Revenue Act. Since there is no definition of "hospital" in the Revenue Act, we are compelled to look to a generally accepted definition, such as that found in Black's Law Dictionary, which states that a hospital is "[a]n institution for the reception and care of sick, wounded, infirm, or aged persons . . . ." Black's Law Dictionary 664 (rev. 5th ed. 1979). The Commission's finding that HSC does not provide 24-hour continuous nursing care nor inpatient care or services and thus is not a hospital is based upon a far too narrow definition. Giving the words of this definition their natural and most obvious import without forcing an illogical construction, petitioner fits well within the general definition of a hospital.

Since the Commission concluded correctly that petitioner is a non-profit corporation, we therefore conclude that as a matter of law it meets the first part of the test set out in G.S. 105-278.8 and is in fact a "hospital" operated without profit to its members.

[2] Next, the Commission incorrectly concluded that petitioner is not wholly and exclusively operated for a charitable purpose or purposes. This conclusion is unsupported by any findings of fact and is, in fact, directly contradicted by the finding that petitioner provides facilities for the treatment of emergency or urgent care patients without regard for their ability to pay and that it charges fees which are lower than those of Forsyth Memorial Hospital. Such findings fall within the definition of a charitable hospital purpose which is one that has humane and philanthropic objectives and that benefits humanity or a significant rather than a limited segment of the community without expectation of pecuniary profit or reward.

The Commission attempts to base, in part, its denial of petitioner's application for exemption on the fact that petitioner charges for its services. The Commission then attempts to avoid the effect of G.S. 105-278.8(c) (the provision which states that hospitals which

charge patients who are able to pay do not lose their exempt status) by relying on its earlier erroneous conclusion that petitioner is not a hospital. As we have already said, that conclusion is unsupported by the evidence and the findings before us and thus the Commission's efforts to avoid the effect of G.S. 105-278.8(c) must fail.

Having concluded that petitioner has met all of the requirements of G.S. 105-278.8, we vacate the judgment of the Commission which denied petitioner its property tax exemption. Accordingly, this action is

Vacated and remanded for entry of judgment consistent with our decision herein.

Judges BECTON and PARKER concur.