IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-78

Filed:  21 November 2017

Wake County, No. 16-CVS-600

SURGICAL CARE AFFILIATES, LLC, Petitioner,

v.

NORTH CAROLINA INDUSTRIAL COMMISSION, Respondent.

Appeal by respondent from decision entered 9 August 2016 by Judge Paul C. Ridgeway in Wake County Superior Court.  Heard in the Court of Appeals 22 August 2017.

*Parker Poe Adams & Bernstein LLP, by Renee J. Montgomery and Matthew W. Wolfe, for petitioner-appellee.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Amar Majmundar and Assistant Attorney General Bethany A. Burgon, for respondent-appellant.*

*Wyrick Robbins Yates & Ponton LLP, by Frank Kirschbaum, Charles George, and Tobias Hampson, for Greensboro Orthopaedics, P.A., OrthoCarolina, P.A., Raleigh Orthopaedic Clinic, P.A., Surgical Center of Greensboro, LLC, Southeastern Orthopaedic Specialists, P.A., Orthopaedic & Hand Specialists, P.A. (Hand Center of Greensboro), Cary Orthopaedic and Sports Medicine Specialists, P.A., and Stephen D. Lucey, M.D., as amici curiae in support of petitioner-appellee.*

*Troutman Sanders LLP, by Christopher G. Browning, Jr. and Gavin B. Parsons, for North Carolina Retail Merchants Association, North Carolina Home Builders Association, North Carolina Chamber, North Carolina Farm Bureau, North Carolina Association of Self-Insurers, American Insurance Association, Property Casualty Insurers Association of America, Employers Coalition of North Carolina, North Carolina Forestry Association, North Carolina Automobile Dealers Association, North Carolina Association of County Commissioners, Builders Mutual Insurance Company, Dealers Choice*

*Mutual Insurance Company, First Benefits Insurance Mutual, Inc., Forestry Mutual Insurance Company and the North Carolina Interlocal Risk Management Agency, and P. Andrew Ellen for North Carolina Retail Merchants Association, J. Michael Carpenter for North Carolina Home Builders Association, Amy Y. Bason for the North Carolina Association of County Commissioners, Kimberly S. Hibbard and Gregg F. Schwitzgebel, III, for North Carolina Interlocal Risk Management Agency, T. John Policastro for North Carolina Auto Dealers Association, and H. Julian Philpott, Jr., for North Carolina Farm Bureau, as amici curiae in support of respondent-appellant.*

BRYANT, Judge.

Because we hold the Superior Court erred in defining the term "hospital," as used in the context of 2013 N.C. Sess. Laws ch. 410, § 33.(a) and concluding that "hospitals are separate and legally distinct entities from ambulatory surgical centers," we reverse the court's decision that our General Assembly did not authorize the Industrial Commission to adopt new maximum fees for ambulatory surgical centers pursuant to 2013 N.C. Sess. Laws ch. 410, § 33.(a) and remand the matter for entry of an order affirming the Commission's declaratory ruling.

On 1 October 2015, petitioner Surgical Care Affiliates, LLC, ("petitioner") filed a request for a declaratory ruling with respondent, the North Carolina Industrial Commission ("the Commission").

> [Petitioner] has requested a declaratory ruling regarding the validity of certain of the Commission's rules affecting the fee schedule for services performed at ambulatory surgery centers. Specifically, [petitioner] has requested that the Commission declare invalid its adoption of a new fee schedule for ambulatory surgery center services set forth in 04 NCAC 10J .0103(g) and (h) (also referenced in

04 NCAC 10J .0103(i)), and its amendment of 04 NCAC 10J
.0101(d)(3) and (5) to remove the former fee schedule.

On 25 July 2013, our General Assembly ratified 2013 N.C. Sess. Laws ch. 410, § 33.(a), which set out mandates for the Commission regarding its medical fee schedule. The Commission noted in its 14 December 2015 Declaratory Ruling that "[w]ith respect to the schedule of maximum fees for *physician and hospital compensation* adopted by [the Commission] pursuant to G.S. 97-26, those fee schedules shall be based on the applicable Medicare payment methodologies." (Emphasis added). Furthermore, the Commission noted that in developing the new fee schedules, 2013 N.C. Sess. Laws ch. 410, § 33.(a) provided that "[the Commission was] exempt from the certification requirement of G.S. 150B-19.1(h) and the fiscal note requirement of G.S. 150B-21.4."

Addressing the new mandate, the Commission adopted rules 04 NCAC 10J .0102 and .0103 and amended rules 04 NCAC 10J .0101 and .0102. Under Rule 04 NCAC 10J .0101, the Commission set out its "Hospital Fee Schedule," which included reimbursement for services provided by ambulatory surgery centers. Further, the Commission reasoned that by following the procedures for rulemaking, as set out in General Statutes, Chapter 150B, a rebuttable presumption was created that the rules were adopted in accordance with the Administrative Procedure Act.

Petitioner challenged the Commission's determination that the mandates set out in 2013 N.C. Sess. Laws ch. 410, § 33.(a), "[w]ith respect to the schedule . . . for

*physician and hospital compensation*" (emphasis added), directed the Commission to change the fee schedule for medical treatment provided at *ambulatory surgery centers*.[1]  Furthermore, petitioner challenged the assertion that the session law's exemption from the fiscal note requirement of N.C. Gen. Stat. § 150B-21.4 was applicable to the Commission.  Thus, petitioner argued that the adopted new rules (04 NCAC 10J .0102 and .0103) and the amended existing rules (04 NCAC 10J .0101 and .0102) were also invalid due to the Commission's failure to meet the fiscal note requirements of section 150B-21.4.  Petitioner asserts that "as a result of substantially reduced maximum reimbursement rates for surgical procedures provided pursuant to Chapter 97, and the Commission's failure to promulgate a fee schedule that includes all surgical procedures performed at ambulatory surgery centers, [petitioner] will lose a significant amount of revenue."

However, as reflected in its declaratory ruling, the Commission reasoned that petitioner failed to rebut the presumption of validity regarding the Commission's adopted and amended rules and denied petitioner's requested relief.

On 13 January 2016, petitioner filed a petition for judicial review of the Commission's declaratory ruling in Wake County Superior Court.  Prior to the

---

[1] In its declaratory ruling, the Commission found that "[t]he Hospital Fee Schedule set out in 04 NCAC 10J .0101 at the time 2013 N.C. Sess. Laws ch. 410, § 33.(a) was ratified applied to reimbursement of inpatient hospital fees, outpatient hospital fees, and ambulatory surgery fees, and S.L. 2013-410, s. 33.(a) contains no indication that the General Assembly intended for that to change in the Hospital Fee Schedule adopted pursuant to its law."

hearing, the following parties, Greensboro Orthopedics, P.A.; OrthoCarolina, P.A.; Raleigh Orthopaedic Clinic, P.A.; Surgical Center of Greensboro, LLC; Southeastern Orthopaedic Specialists, P.A.; Orthopaedic & Hand Specialists, P.A.; Cary Orthopaedic and Sports Medicine Specialists, P.A.; and Stephen D. Lucey, filed a motion to intervene as *amicus curiae*: which was allowed. The matter was heard before the Honorable Paul C. Ridgeway, Superior Court Judge presiding.

On 9 August 2016, Judge Ridgeway entered his decision concluding that hospitals were separate and legally distinct entities from ambulatory surgical centers and that 2013 N.C. Sess. Laws ch. 410, § 33.(a) authorized the Commission to use an expedited rulemaking process only in adopting new maximum fees for physicians and hospitals, not ambulatory surgical centers. The trial court determined that "the Commission was required to comply with the fiscal note requirements [of N.C. Gen. Stat. §§ 150B-21.2(a) and 150B-21.4] in adopting a new fee schedule for ambulatory surgical centers and failed to do so, [and thus,] the Commission exceeded its statutory authority and employed an unlawful procedure." Therefore, the trial court granted petitioner's request for relief and reversed the Commission's declaratory ruling. The Commission appeals.

---

On appeal, the Commission raises four questions: whether the superior court erred by (I) defining hospitals and surgical centers pursuant to General Statutes,

Chapter 131E (governing "Health care facilities and services") and (II) failing to properly defer to the Commission in the interpretation of 2013 N.C. Sess. Laws ch. 410, § 33.(a). Further, the Commission argues that (III) petitioner is estopped from arguing the hospital fee schedule does not apply to ambulatory surgical centers and (IV) the filed-rate doctrine bars Surgical Care Affiliates' collateral attack on 04 NCAC 10J .0103(g) and (h). However, because we hold the trial court erred as to the dispositive question—whether ambulatory surgical centers are "hospitals" within the meaning of the hospital fee schedule—we need not address petitioner's additional arguments on appeal.

*Standard of Review*

[W]hen an appellate court reviews

> a superior court order regarding an agency decision, the appellate court examines the [superior] court's order for error of law. The process has been described as a twofold task: (1) determining whether the [superior] court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly.

*Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 14, 565 S.E.2d 9, 18 (2002) (quoting *ACT–UP Triangle v. Commission for Health Servs.*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997)).

The statutes governing a superior court's review of a final agency decision are provided in the Administrative Procedure Act, codified within Chapter 150B of our General Statutes. Article 4, governing "Judicial review," sets out the scope and standard of review.

> (b) The court reviewing a final decision may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:
>     (1) In violation of constitutional provisions;
>     (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
>     (3) Made upon unlawful procedure;
>     (4) Affected by other error of law;
>     (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
>     (6) Arbitrary, capricious, or an abuse of discretion.
> (c) In reviewing a final decision in a contested case, the court shall determine whether the petitioner is entitled to the relief sought in the petition based upon its review of the final decision and the official record. With regard to asserted errors pursuant to subdivisions (1) through (4) of subsection (b) of this section, the court shall conduct its review of the final decision using the de novo standard of review. With regard to asserted errors pursuant to subdivisions (5) and (6) of subsection (b) of this section, the court shall conduct its review of the final decision using the whole record standard of review.

N.C. Gen. Stat. § 150B-51(b), (c) (2015).

In its 9 August 2016 decision, the Superior Court stated that

> [petitioner] contends that the Commission's Declaratory Ruling is in excess of its statutory authority, made upon

> unlawful procedure, and affected by other error of law. Because of these errors asserted by [petitioner], this [c]ourt has applied de novo standard of review to review the Commission's decision as required under N.C. Gen. Stat. § 150B-51(c).

We agree that the appropriate standard is de novo review. "Under the *de novo* standard of review, the trial court consider[s] the matter anew[] and freely substitutes its own judgment for the agency's." *N.C. Dep't of Envtl. & Nat. Res. v. Carroll*, 358 N.C. 649, 660, 599 S.E.2d 888, 895 (2004) (alteration in original) (citation omitted). We review the record in light of the Commission's arguments to determine if the standard was properly applied. *See Mann Media*, 356 N.C. at 14, 565 S.E.2d at 18.

As noted *infra*, the dispositive question, as set forth by the Commission, is whether the trial court erred when it relied on an inapplicable definition to determine that ambulatory surgical centers are not "hospitals" within the meaning of the hospital fee schedule. The Commission argues that the Superior Court erroneously used the definition of "hospital" that is exclusive to the Hospital Licensure Act and further erred by adopting an overly narrow definition of "hospital," thereby failing to acknowledge the intent of our General Assembly. We agree.

At issue is the Superior Court's interpretation of "hospital" as the term is used in 2013 N.C. Sess. Laws ch. 410, § 33.(a) ("Industrial Commission Hospital Fee Schedule"), and whether that term encompasses ambulatory surgical centers.

Section 33.(a)(1) under 2013 N.C. Sess. Laws ch. 410, is entitled "Medicare methodology for physician and *hospital* fee schedules." 2013 S.L. 410, sec. 33.(a)(1) (emphasis added).[2]

"In the interpretation and construction of statutes, the task of the judiciary is to seek the legislative intent." *Housing Auth. v. Farabee*, 284 N.C. 242, 245, 200 S.E.2d 12, 14 (1973) (citations omitted). "The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to accomplish." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation omitted). Here, the parties do not direct our attention to any provision in General Statutes, Chapter 97 ("Workers' Compensation Act"), which defines "hospital."

> [U]ndefined words are accorded their plain meaning so long as it is reasonable to do so. In determining the plain meaning of undefined terms, this Court has used "standard, nonlegal dictionaries" as a guide. Finally, statutes should be construed so that the resulting construction harmonizes with the underlying reason and purpose of the statute.

*Midrex Techs., Inc. v. N.C. Dep't of Revenue*, ___ N.C. ___, ___, 794 S.E.2d 785, 792 (2016) (alteration in original) (citations omitted); *see id.* (referring to the New Oxford American Dictionary for a definition of the word "building").

---

[2] We note that N.C. Gen. Stat. § 97-26 ("Fees allowed for medical treatment; malpractice of physician"), codified within Chapter 97, Article 1 ("Workers' Compensation Act"), does not define "hospital" or "ambulatory surgical center."

When a statute employs a term without redefining it, the accepted method of determining the word's plain meaning is not to look at how other statutes or regulations have used or defined the term—but to simply consult a dictionary. *See Clark v. Sanger Clinic, P.A.*, 142 N.C. App. 350, 356, 542 S.E.2d 668, 673 (2001) ("Absent a contextual definition, the courts may infer the ordinary meaning of a word from its dictionary definition." (citation omitted)). Turning to a nonlegal dictionary, "hospital" is defined as "[a]n institution that provides care and treatment for the sick or the injured." *Hospital*, American Heritage College Dictionary (3d ed. 1993); *see also hospital*, https://www.merriam-webster.com/dictionary/hospital (last visited Oct. 25, 2017) (defining "hospital" in part as "1 :a charitable institution for the needy, aged, infirm, or young" and "2 :an institution where the sick or injured are given medical or surgical care . . . ."). *Cf. In re Appeal of Found. Health Sys. Corp.*, 96 N.C. App. 571, 577, 386 S.E.2d 588, 591 (1989) (addressing whether an ambulatory surgery center was a hospital for purposes of taxation under the Revenue Act, the Court reasoned that the definition set forth in North Carolina's Hospital Licensure Act, codified under General Statutes, Chapter 131E, "ha[d] no applicability to the construction of the term under the Revenue Act," and referring to the definition of "hospital" as stated in Black's Law Dictionary (rev. 5th ed. 1979) as a generally accepted definition that encompassed the ambulatory surgery center at issue).

We also look to the purpose of 2013 N.C. Sess. Laws ch. 410, § 33.(a).

> (1) Medicare methodology for physician and hospital fee schedules.—With respect to the schedule of maximum fees for physician and hospital compensation adopted by the Industrial Commission pursuant to G.S. 97-26, those fee schedules shall be based on the applicable Medicare payment methodologies, with such adjustments and exceptions as are necessary and appropriate to ensure that (i) injured workers are provided the standard of services and care intended by Chapter 97 of the General Statutes, (ii) providers are reimbursed reasonable fees for providing these services, and (iii) medical costs are adequately contained.

2013 N.C. Sess. Laws ch. 410, § 33.(a)(1). The focus of this session law is to contain medical care costs attributable to injured workers, while reasonably reimbursing medical care providers for services. The inclusion of ambulatory surgical centers in the definition of hospital, subjecting petitioner to the "Medicare methodology for . . . hospital fee schedules" does not appear to frustrate this objective and may be construed as in harmony with the reason for 2013 N.C. Sess. Laws ch. 410, § 33.(a). *See Midrex Techs.*, ___ N.C. at ___, 794 S.E.2d at 792 ("[S]tatutes should be construed so that the resulting construction harmonizes with the underlying reason and purpose of the statute.").

In the order appealed from, the Superior Court referred to General Statutes, section 131E-76 (providing definitions applicable to Article 5, codifying the "Hospital Licensure Act," within Chapter 131E, governing "Health Care Facilities and Services") to define the term "hospital" as it was used in 2013 N.C. Sess. Laws ch. 410, § 33.(a), which regards a fee schedule adopted by the Commission pursuant to

G.S. section 97-26 (codified within the "Workers' Compensation Act"). On this basis, the court concluded "that hospitals are separate and legally distinct entities from ambulatory surgical centers." We hold the court erred. As that definition of "hospital" was essential to the lower court's determination that the session law did not authorize the Commission to adopt new maximum fees for ambulatory surgical centers, we reverse the court's 9 August 2015 decision and remand for entry of an order affirming the Commission's 14 December 2015 declaratory ruling.

REVERSED AND REMANDED.

Judges DAVIS and INMAN concur.