TYSON, Judge.
 

 *824
 
 Falecia Ann Richmond McCaster ("Defendant") appeals the trial court's order revoking her probation. The trial court erred in revoking Defendant's probation under these facts. We vacate the order and remand.
 

 I. Background
 

 On 2 November 2015, a jury found Defendant guilty of assault on a law enforcement officer. Defendant was sentenced to five to fifteen
 
 *825
 
 months in prison. Due to her lack of prior record level points and the classification of the offense, Defendant's active sentence was suspended, and she was placed on probation for twelve months. Defendant appealed.
 

 The day after judgment was entered, the trial judge filed an affidavit and petition for involuntary commitment, due to Defendant's behavior in court. The trial court stated that after the judgment was entered, "Defendant refused to complete the intake process," begging the court to allow her to serve her time. She became "hysterical," alleging "a conspiracy against her by law enforcement, judges, the DA, and, at time [sic] her attorney."
 

 On 4 April 2017, this Court issued an opinion finding no error at trial and denying Defendant's motion for appropriate relief.
 
 State v. McCaster
 
 , --- N.C. App. ----,
 
 797 S.E.2d 711
 
 ,
 
 2017 WL 1276071
 
 (2017) (unpublished). The mandate from that appeal was issued to the Alamance County Superior Court on 24 April 2017.
 

 The Alamance County District Attorney's office sent Defendant a letter on 3 May 2017, ordering her to appear in court on 22 May 2017 for imposition of judgment. Defendant appeared at the hearing, repeatedly refused to accept probation supervision, and asked for time to get her affairs in order prior to reporting to prison. The trial court asked her to meet with the probation officer prior to making any decisions regarding actively serving a prison term.
 

 Later that day, Defendant's counsel reported to the court that Defendant had not met with the probation officer, as instructed. Defendant allegedly "cursed the courtroom" and threw spices and garlic upon the floor. At around 5:00 that evening, Defendant was sitting in the courtroom, without her attorney. The trial court instructed Defendant to report to the probation officer by 9:30 the next morning, and if she was not there, the court would issue an order for her arrest. Defendant told the judge a warrant would not be necessary, as she would report to the sheriff.
 

 On 23 May 2017, Defendant timely appeared in court, and the matter was held over until her attorney arrived. Once her counsel arrived, Defendant again refused to
 
 *213
 
 be placed on probation supervision multiple times. She again alluded to a possible conspiracy against her, stating "You want me-for Mr. Barber to take my money and they beat me. I'm a widow." After Defendant continued to refuse probation, the trial court revoked her probation.
 

 The trial court's written order stated: "The Defendant refused to be processed for probation and stated that she did not want to be on
 
 *826
 
 probation in open court, therefore [sic] was violated and probation revoked." The order also indicated the revocation was based upon Defendant's "willful violation of the condition(s) that [she] not commit any criminal offense ... or abscond from supervision."
 

 On 24 May 2017, the trial court filed a supplement to its previous order, and made the following findings of fact:
 

 4. The Court reviewed the judgment with the defendant at 10:38 and ordered defendant to report to the probation office (in the courthouse). The defendant did not report. The court advised the defendant if she refused probation, she would have to serve her active sentence.
 

 5. At 12:04 defendant's attorney, Jeff Connolly, returned to the courtroom without the defendant and reported defendant is refusing to serve probation.
 

 6. Defendant appeared in court on May 23, 2017, about 10:38. The Court advised defendant it was in a jury trial and to report at 12:15. Defendant's counsel was present. The Court reiterated to defendant that if she refused probation, the active sentence would be imposed.
 

 7. At 12:33 the defendant appeared and affirmed she did not report to probation and said, "You can put me in jail." The Court again asked her if she was certain she did not want to be on probation and she said "I have refused probation a hundred times and I am refusing it now."
 

 8. It being obvious that the defendant was refusing to serve probation, the active sentence was instituted.
 

 II. Jurisdiction
 

 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2017).
 

 III. Issues
 

 Defendant argues the trial court lacked jurisdiction to revoke her probation and violated her right to due process by revoking her probation without providing notice of a scheduled hearing or a filed violation report. Defendant also asserts her right to counsel was violated and that the trial court erred by not holding a competency hearing prior to her revocation hearing.
 

 *827
 

 IV. Standard of Review
 

 "A trial court must have subject matter jurisdiction over a case in order to act in that case."
 
 State v. Satanek
 
 ,
 
 190 N.C. App. 653
 
 , 656,
 
 660 S.E.2d 623
 
 , 625 (2008) (citing
 
 State v. Reinhardt,
 

 183 N.C. App. 291
 
 , 292,
 
 644 S.E.2d 26
 
 , 27 (2007) ). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction."
 
 State v. Gorman
 
 ,
 
 221 N.C. App. 330
 
 , 333,
 
 727 S.E.2d 731
 
 , 733 (2012) (citation and quotation marks omitted).
 

 "Further, an appellate court necessarily conducts a statutory analysis when analyzing whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a
 
 de novo
 
 review."
 
 Satanek
 
 ,
 
 190 N.C. App. at 656
 
 ,
 
 660 S.E.2d at 625
 
 . We review subject matter jurisdiction as a question of law,
 
 de novo
 
 .
 
 State v. Taylor
 
 ,
 
 155 N.C. App. 251
 
 , 260,
 
 574 S.E.2d 58
 
 , 65 (2002).
 

 V. Revocation of Probation
 

 Defendant first argues the trial court lacked jurisdiction to conduct a probation revocation hearing because it failed to provide Defendant with adequate notice, including a written statement of the violations alleged. Under these facts, we agree.
 

 A defendant's consent is not required for the court to suspend an active sentence and to order a convicted defendant to undergo probation supervision instead. N.C. Gen. Stat. § 15A-1341(c) (1995),
 
 repealed by
 

 1995
 

 *214
 

 N.C. Sess. Laws 429
 
 , secs. 1, 5 (effective 1 January 1997) (eliminating a defendant's right to elect to serve a prison sentence in lieu of submitting to probation). Because Defendant had zero prior record level points, and was convicted of a Class I felony, the court was only authorized to sentence her to community punishment, which it correctly did when her active sentence was suspended and she was placed on probation.
 
 N.C. Gen. Stat. §§ 14-34.7
 
 (c)(1), 15A-1340.17(c) (2017).
 

 As is required by statute, prior to revocation of probation, a court must hold a hearing, unless waived by probationer, and must provide prior "notice of the hearing and its purpose" at least twenty-four hours in advance, unless waived. N.C. Gen. Stat. § 15A-1345(e) (2017). This statutory notice must also include a statement of the violations alleged.
 

 Id.
 

 "The purpose of the notice mandated by this section is to allow the defendant to prepare a defense and to protect the defendant from a
 
 *828
 
 second probation violation hearing for the same act."
 
 State v. Hubbard
 
 ,
 
 198 N.C. App. 154
 
 , 158,
 
 678 S.E.2d 390
 
 , 393 (2009) (citation omitted).
 

 The State argues Defendant waived her right to prior statutory notice by voluntarily appearing before the court and participating in her revocation hearing.
 
 See
 

 State v. Gamble
 
 ,
 
 50 N.C. App. 658
 
 , 660,
 
 274 S.E.2d 874
 
 , 875 (1981). However, unlike the probationer in
 
 Gamble
 
 , Defendant had not been and was not served with an order for arrest prior to her hearing.
 
 See
 
 id.
 

 Defendant re-appeared in court as instructed by the judge the previous day. While Defendant's multiple and repeated objections to probation are documented, the court did not indicate the purpose of the hearing was to revoke Defendant's probation, nor provide her with notice of any statement of her alleged violations, or seek her waiver of same, contrary to the mandate of N.C. Gen. Stat. § 15A-1345(e).
 

 Without prior and proper statutory notice and a statement of violations provided to Defendant, the trial court lacked jurisdiction to revoke her probation. In light of our holding, it is not necessary to address Defendant's other issues on appeal.
 

 VI. Conclusion
 

 Absent jurisdiction, a court is without authority to act.
 
 Satanek
 
 ,
 
 190 N.C. App. at 656
 
 ,
 
 660 S.E.2d at 625
 
 . The State failed to provide prior and proper statutory notice to Defendant to revoke her probation. Without proper notice, it lacked jurisdiction to do so and its order must be vacated. "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority."
 
 State v. Crawford
 
 ,
 
 167 N.C. App. 777
 
 , 779,
 
 606 S.E.2d 375
 
 , 377 (2005) (citation and quotation marks omitted).
 

 While the trial court had no authority to conduct a revocation hearing under these facts, it was not without recourse to compel a recalcitrant defendant. A violation report could have been filed and an arrest warrant could have been issued, to provide Defendant with proper notice.
 
 See
 

 State v. Brown
 
 ,
 
 222 N.C. App. 738
 
 , 739-40,
 
 731 S.E.2d 530
 
 , 531 (2012) (violation report filed for absconding after defendant failed to report to probation officer after initial sentence).
 

 Alternatively, the trial court could have found Defendant in contempt of court pursuant to N.C. Gen. Stat. § 5A-11(a)(3) (2017) ("[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution) or
 
 *829
 
 N.C. Gen. Stat. § 5A-11(a)(9a) ("[w]illful refusal by a defendant to comply with a condition of probation").
 

 Regardless of Defendant's statements and protests, the trial court could have simply ordered Defendant be accompanied by a law enforcement or probation officer to register and implement probation supervision.
 

 The trial court erred by revoking Defendant's probation without proper prior statutory notice of a hearing and without a violation report filed. Without proper jurisdiction to hear Defendant's probation revocation, the trial court's order is vacated.
 
 See
 

 Crawford
 
 ,
 
 167 N.C. App. at 779
 
 ,
 
 606 S.E.2d at 377
 
 . This cause is remanded for further proceedings
 
 *215
 
 not inconsistent with this opinion.
 
 It is so ordered.
 

 VACATED AND REMANDED.
 

 Chief Judge McGEE and Judge DAVIS concur.