IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-5

Filed 18 June 2025

Surry County, No. 21CRS051052-850

STATE OF NORTH CAROLINA

v.

SHANNON EDWARD GAULT, Defendant.

Appeal by defendant from judgment entered 26 June 2023 by Judge Angela B. Puckett in Superior Court, Surry County. Heard in the Court of Appeals 13 August 2024.

*Attorney General Jeff Jackson, by Assistant Attorney General Megan Shook, for the State.*

*Jason Christopher Yoder for defendant-appellant.*

STROUD, Judge.

Defendant appeals from a judgment revoking his probation and activating his sentence. On appeal, Defendant argues that the trial court lacked jurisdiction to revoke his probation. Alternatively, Defendant argues that the evidence was insufficient to establish that he violated a condition of his probation. Although the trial court had jurisdiction to rule on the probation violation, the State failed to present evidence of the violation alleged in the probation violation report. We reverse the trial court's judgment.

## I. Factual and Procedural Background

On 18 July 2022, Defendant entered a plea of guilty to second-degree exploitation of a minor and disseminating obscenity. Under a plea agreement, Defendant's charges were consolidated into one judgment, and he was sentenced to 20 to 84 months of imprisonment, suspended for 36 months of supervised probation. As a condition of probation, Defendant was prohibited from accessing the internet during the thirty-six-month probationary period. The trial court additionally ordered no contact between Defendant and the minor victim, and he was required to register as a sex offender.

On 21 March 2023, Defendant's supervising probation officer, Officer Lyle Burnette ("Burnette"), filed a report alleging that Defendant had violated the terms of his probation. The violation report stated:

> Of the conditions of probation imposed in that judgment, the defendant has willfully violated:
> 1. General Statute 15A-1343(b) (1) "Commit no criminal offense in any jurisdiction" in that . . . DEFENDANT WAS CHARGED WITH A FAILURE TO REGISTER IN REGARDS TO HAVING SOCIAL MEDIA CITE (sic) NOT REGISTERED WITH THE SHERIFF'S DEPARTMENT ON 1/18/23. THIS IS A VIOLATION OF . . . DEFENDANTS PROBATION.

Defendant denied the allegation and requested a hearing on the violation.

On 26 June 2023, the trial court held Defendant's probation violation hearing. Defendant's counsel first sought a continuance, explaining that the violation involved a new felony charge for which he did not have discovery. The trial court denied Defendant's counsel's request. At the hearing, Burnette did not testify. Instead, the

trial court heard testimony from another probation officer, Officer Seth Cook ("Cook"), who conducted the check-up on Defendant alongside Burnette.

Cook testified he and Burnette performed a "multiple sex offender check up" in March 2023. Cook was aware that Defendant was "not to have in his possession any social media [or] any pornographic material[.]" Also, that sex offenders under supervision are required to register all social media accounts with the sheriff's office. When they entered Defendant's apartment, he was on Facetime with a female who appeared to be young. Cook detained Defendant and went through his phone. On his phone, Cook found pornographic websites and multiple social media applications, including Snapchat and Facebook.

To Cook's knowledge, Defendant did not have any social media accounts registered with the sheriff's office; however, he testified that Burnette was the one who checked the registration status. During his testimony, Cook accessed Burnette's narrative notes and testified about their contents. He testified that Burnette spoke to a sergeant in the transportation department at the sheriff's office, who confirmed that Defendant did not have any accounts or "online identifier[s]" registered.

Burnette's notes also included several screenshots from Defendant's phone. The screenshots were taken from various online platforms that both Burnette and Cook discovered during their examination of his phone. One screenshot was from Snapchat and displayed Defendant's username as "RHEC_Shannon33." Cook confirmed that Snapchat is a social media-based company. Another screenshot was

of a forum on the Reddit platform, which is an "online multi-purpose forum where you register to get an identifier, which you can then post to that [forum]." However, a user may access Reddit without registering for an account. The screenshot stated, "Top Stories for Shannon" and the specific forum was titled "I'm 15 and my crush is 40. Is it normal?" The other screenshots on Defendant's phone were "pornographic in nature." However, the State presented no evidence of any actions of Defendant on or around 18 January 2023, the date stated in both the probation violation report and in the order. The testimony all related to the visit to Defendant's home in March 2023.

Based on this evidence, the trial court concluded that Defendant was in violation of his probation by failing to register "a social media [site] with the Sheriff's department." As a result, Defendant's probation was revoked and his sentence was activated. Defendant provided oral notice of appeal following sentencing.

That same day, the trial court documented its oral findings and conclusions in a supplemental order with written findings of fact:

> The [c]ourt after hearing all of the evidence presented by both the State and by . . . Defendant finds that the [c]ourt is reasonably satisfied in its discretion that . . . Defendant did violate the condition of his probation that he not commit any new criminal offense in any jurisdiction in that on January 18, 2023 . . . [D]efendant did have a social media cite (sic), to wit Snapchat and Reddit, that was not registered with the Sheriffs Department that was required by law due to [D]efendant's underlying conviction in this case.
>
> The [c]ourt finds the condition was a valid a condition of probation and . . . Defendant violated the condition

willfully and without valid excuse at a time prior to the expiration or termination of his probation.

## II.   Analysis

Defendant asserts three arguments on appeal: (1) the trial court lacked jurisdiction to revoke his probation for commission of a criminal offense because the violation report failed to state any criminal conduct or provide adequate notice of the criminal conduct alleged; (2) alternatively, the trial court erred by revoking his probation because the State failed to prove the allegation in the violation report; and (3) the trial court's findings of fact were not supported by competent evidence, therefore, it erred by concluding that Defendant committed a new criminal offense based on the evidence.  We hold the trial court had jurisdiction to revoke Defendant's probation and he received adequate notice of the alleged criminal offense.  However, we further hold the trial court erred by revoking Defendant's probation, as the State failed to prove the allegation in the violation report and presented insufficient evidence of the violation.

## A. Subject Matter Jurisdiction

Defendant first argues the trial court lacked subject matter jurisdiction to revoke his probation because the probation violation report failed to allege any criminal conduct and failed to provide adequate notice of the alleged offense, which would have allowed him to prepare his defense.

"[A]n appellate court necessarily conducts a statutory analysis when analyzing

whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a *de novo* review." *State v. Satanek*, 190 N.C. App. 653, 656, 660 S.E.2d 623, 625 (2008) (citation omitted). "A defendant may raise this issue at any time, even for the first time on appeal." *State v. Knox*, 239 N.C. App. 430, 432, 768 S.E.2d 381, 383 (2015) (citation omitted).

Under North Carolina law, a registered sex offender must "inform the registering sheriff of any new or changes to existing online identifiers that the person uses or intends to use." N.C. Gen. Stat. § 14-208.11(a)(10) (2023). An "online identifier" is defined as "[e]lectronic mail address, instant message screen name, user ID, chat or other Internet communication name, but it does not mean social security number, date of birth, or pin number." N.C. Gen. Stat. § 14-208.6(1n) (2023). If an offender changes or obtains a new online identifier, this information must be reported within ten days to the registering sheriff. N.C. Gen. Stat. § 14-208.9(e) (2023). A failure to report an online identifier is a Class F felony. N.C. Gen. Stat. § 14-208.11(a).

Put together, if a registered sex offender fails to report an online identifier to the sheriff within ten days, he is guilty of a Class F felony and therefore, committed a criminal offense within our jurisdiction. Of relevance here, a trial court may revoke probation if the defendant commits a criminal offense within any jurisdiction. *See* N.C. Gen. Stat. § 15A-1343(b)(1) (2023) ("As regular conditions of probation, a defendant must . . . [c]ommit no criminal offense in any jurisdiction.").

In order to revoke a defendant's probation, the trial court must, at the discretion of the defendant, "hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision." N.C. Gen. Stat. § 15A-1345(e) (2023). If a defendant elects to hold a hearing, "[t]he State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged." *Id.* "The purpose of the notice mandated by this section is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act." *State v. Hubbard,* 198 N.C. App. 154, 158, 678 S.E.2d 390, 393 (2009) (citation omitted). Stated differently, "[a] statement of a defendant's alleged actions that constitute the alleged violation will give that defendant the chance to prepare a defense because he will know what he is accused of doing." *State v. Moore,* 370 N.C. 338, 342, 807 S.E.2d 550, 553 (2017).

Notwithstanding, "[a] court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." *State v. Burns*, 171 N.C. App. 759, 760, 615 S.E.2d 347, 348 (2005). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *State v. McCaster*, 257 N.C. App. 824, 827, 811 S.E.2d 211, 213 (2018) (citation omitted). Thus, as North Carolina General Statute Section 15A-1345(e) prescribes a certain limitation, a notice requirement, before the trial court can act, it is jurisdictional. Moreover, without

adequate notice and a statement of the alleged violation, the trial court lacks jurisdiction to revoke a defendant's probation. *See id.* at 828, 811 S.E.2d at 214 ("Without prior and proper statutory notice and a statement of violations provided to Defendant, the trial court lacked jurisdiction to revoke her probation.").

Our Supreme Court in *Moore* articulated the standard for what constitutes a sufficient statement of an alleged violation to invoke the trial court's jurisdiction. *Moore,* 370 N.C. at 340-46, 807 S.E.2d at 552-55. There, the Supreme Court held, "while the condition of probation which [the d]efendant allegedly violated might have been ambiguously stated in the [violation] report, the report also *set forth the specific facts that the State contended constituted the violation.*" *Id.* at 342, 807 S.E.2d at 553 (emphasis added). Accordingly, the "[d]efendant received notice of the specific behavior [the d]efendant was alleged and found to have committed in violation of [the d]efendant's probation." *Id.*

The Court in *Moore* established, "the notice needed to contain a statement of the actions defendant allegedly took that constituted a violation of a condition of probation—that is, a statement of what the defendant allegedly *did* that violated a probation condition." *Id.* at 344, 807 S.E.2d at 554-55. As the State alleged that the defendant violated the condition that he "commit no criminal offense[,]" the defendant, therefore, "needed to receive a statement of the criminal offense or offenses he allegedly committed." *Id.*

Defendant argues he was not given sufficient notice of the alleged violation in

two ways. First, the report failed to state a criminal offense, as the failure to report a "social media cite" is not a crime. Second, that the report failed to identify the case file number, the county where the alleged violation occurred, the statutory subsection of the alleged criminal offense, and what he failed to register.

The violation report stated Defendant "willfully violated: [North Carolina] General Statute [Section] 15A-1343(b)(1) 'Commit no criminal offense in any jurisdiction.'" As to the term "cite," we note that the violation report and other documents refer to a social media "cite." Briefs for both Defendant and the State consider the word "cite" as a misspelling of the word "site" as a shortened form of the word "website" and we agree and will interpret the probation violation report accordingly.[1] According to *Moore*, we are to interpret the violation report using the "natural, approved, and recognized meaning" of the words. *Id.* at 344, 807 S.E.2d at 554. Although the statute gives a definition for "online identifier," the relevant statutes do not include a definition of the words "site" or "website." Since the statutes do not provide a definition, we use the dictionary definition. *See Surgical Care Affiliates, LLC v. N.C. Indus. Comm'n*, 256 N.C. App. 614, 621, 807 S.E.2d 679, 684 (2017) ("When a statute employs a term without redefining it, the accepted method

---

[1] Article 26 does not include a definition of a "site" or "social media site." North Carolina General Statute Section 14-202.5 has a definition of "commercial social networking Web Site" but this definition applies only for the purposes of North Carolina General Statute Section 14-202.5 which applies to "high-risk sex offenders." N.C. Gen. Stat. § 14-202.5 (2023). There is no indication Defendant was charged with any violation under this section. In addition, the United States Supreme Court has held this statute to be unconstitutional. *See Packingham v. North Carolina*, 582 U.S. 98, 103, 1734, 198 L. Ed. 2d 273 (2017).

of determining the word's plain meaning is not to look at how other statutes or regulations have used or defined the term—but to simply consult a dictionary." (citation omitted)). Using the word in context, the relevant definition for the word "site" in Merriam-Webster's Collegiate Dictionary is "one or more Internet addresses at which an individual or organization provides information to others." Merriam-Webster's Collegiate Dictionary (11th ed. 2003).

The violation report alleged that Defendant was "*charged*" with a failure to "*register*" a social media site "*with the Sheriff's department*," and that this was "*a violation of [ ] Defendants probation*." Defendant is correct in his assertion that the failure to report use of a social media site does not constitute a *per se* criminal offense. However, as discussed *supra*, because of Defendant's status as a registered sex offender, he was required to report "online identifiers" to the registering sheriff. *See* N.C. Gen. Stat. § 14-208.11(a)(10). The failure to report an online identifier to the registering sheriff is a Class F felony, a criminal offense. *See* N.C. Gen. Stat. § 14-208.11(a). The commission of a criminal offense is a violation of Defendant's probation. *See Moore*, 370 N.C. at 345, 807 S.E.2d at 555 ("While incurring criminal charges is not a violation of a probation condition, criminal charges are alleged criminal offenses. And committing a criminal offense is a violation of a probation condition.").

We hold the violation report provided Defendant with sufficient notice of his action which allegedly violated a condition of his probation. The report stated the

condition of probation that Defendant allegedly violated, that he commit no criminal offense, and cited to the proper statute. It included "a statement of what [D]efendant allegedly *did* that violated a probation condition[,]" which was his failure to register a social media site with the sheriff's office. *Id.* at 344, 807 S.E.2d at 554-55. Likewise, it included "a statement of the criminal offense . . . that he allegedly committed[,]" as Defendant was "charged" for his failure to register, which is a Class F felony, and that the offense was a violation of his probation terms. *Id.*

For these reasons, we hold the probation violation report provided Defendant sufficient statutory notice of the alleged probation violation. The report included a statement of what Defendant allegedly did that violated a probation condition and specifically, the condition he allegedly violated. Thus, because Defendant had adequate notice, the trial court had subject matter jurisdiction during his probation revocation hearing.

## B. Probation Revocation

Defendant next argues that the State failed to present sufficient evidence to support the allegations in the probation violation report. He further asserts that, due to this insufficient evidence, the trial court's findings of fact were not supported by competent evidence and the trial court abused its discretion in concluding that Defendant violated his probation.

"Probation violation hearings are generally informal, summary proceedings and the alleged probation violations need not be proven beyond a reasonable doubt."

*State v. Johnson*, 246 N.C. App. 132, 135, 782 S.E.2d 549, 552 (2016) (citation omitted). During a probation revocation hearing, the evidence must "reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation omitted). "The burden of proof rests upon the State to show a defendant willfully violated his probation conditions." *Johnson*, 246 N.C. App. at 135, 782 S.E.2d at 552 (citation omitted).

"In order to revoke a defendant's probation for committing a criminal offense there must be some form of evidence that a crime was committed." *State v. Graham*, 282 N.C. App. 158, 160, 869 S.E.2d 776, 778 (2022). "The evidence is sufficient when 'the trial court can independently find that the defendant committed a new offense.'" *State v. McCullough*, ___ N.C. App. ___, ___ 909 S.E.2d 889, 894 (2024) (citations omitted).

Before the trial court may revoke a defendant's probation, it must "make findings to support the decision and a summary record of the proceedings." N.C. Gen. Stat. § 15A-1345(e). The findings of fact must outline the evidence which the trial court relied on and the reason for its decision. *Johnson*, 246 N.C. App. at 136, 782 S.E.2d at 552. If the trial court concludes that a probation condition has been violated, its findings must be supported by competent evidence. *State v. Jones*, 225

N.C. App. 181, 183, 736 S.E.2d 634, 636 (2013).

This Court reviews the trial court's decision to revoke a defendant's probation for abuse of discretion. *State v. Murchison*, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014) (citation omitted). "An abuse of discretion occurs when a ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Pettiford*, 282 N.C. App. 202, 206, 869 S.E.2d 772, 776 (2022) (citations and quotation marks omitted). "Though trial judges have discretion in probation proceedings, that discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is directed by the reason and conscience of the judge as to a just result." *State v. Talbert*, 221 N.C. App. 650, 653, 727 S.E.2d 908, 911 (2012) (citations and quotation marks omitted).

Although the probation violation report met the notice requirement under North Carolina General Statute Section 15A-1345(e), we hold the evidence at the hearing was insufficient to support the revocation of Defendant's probation.

We must first address the date of the violation as alleged in the violation report versus the evidence presented at the hearing. The probation violation report specifically alleged that Defendant failed to register a "social media [site]" with the sheriff's office on 18 January 2023. The report was filed on 21 March 2023. At the hearing, Cook testified that he and Burnette performed the check-up on Defendant sometime in March 2023. In the trial court's supplemental order, it found that "on

January 18, 2023 . . . [D]efendant did have a social media [site.]" Also, the violation report, citing the 18 January 2023 date, was incorporated by reference in the trial court's judgment. Thus, the violation report alleged, and the trial court's subsequent order and judgment found, that Defendant violated a condition of his probation on 18 January 2023; however, the evidence and testimony at the hearing only referenced the March 2023 date. There was no evidence presented as to 18 January 2023 and the State made no attempt to reconcile this discrepancy.

This Court previously addressed a similar issue in *State v. Melton*, 258 N.C. App. 134, 811 S.E.2d 678 (2018). There, the violation report alleged that the defendant violated her probation when she absconded from 2 November 2016 to 4 November 2016, the date the reports were filed. *Id.* at 136, 811 S.E.2d at 680. At the hearing, the State presented evidence of the defendant absconding during that specific period; however, it also presented evidence outside of that date range. *Id.* Ultimately, the defendant's probation was revoked and she appealed, arguing that the trial court erred by revoking her probation because there was insufficient evidence to support a finding that she absconded during the period alleged in the violation reports. *Id.*

The Court in *Melton* recognized, "[i]n order to provide a defendant with notice of the allegations against him, as required by [North Carolina General Statute Section] 15A-1345(e), probation violation reports must contain a statement of the specific violations alleged." *Id.* at 137, 811 S.E.2d at 681. In applying the notice

requirement, this Court limited its review to whether there was sufficient evidence that the defendant absconded based on the dates alleged in the violation reports, from 2 November 2016 to 4 November 2016. *Id.* at 137, 811 S.E.2d at 681. After considering all the evidence, this Court held, "there was insufficient evidence that [the] defendant willfully refused to make herself available for supervision from 2 November to 4 November 2016 (*the only time period we can consider under the violation report and the court's written finding*)." *Id.* at 139, 811 S.E.2d at 682 (emphasis added).

While the Court in *Melton* addressed an absconding violation, and here Defendant is alleged to have violated probation through the commission of a criminal offense, we consider its analysis and application of the notice requirement to be persuasive. Here, the probation violation report, incorporated by reference into the trial court's judgment, along with the trial court's written findings of fact, alleged that Defendant failed to register a "social media cite" with the sheriff's office on 18 January 2023. Therefore, under *Melton*, our review is limited to the consideration of evidence from 18 January 2023.

As discussed *supra*, there was no evidence regarding a violation on 18 January 2023, "the only time period we can consider under the violation report and the court's written finding." *Id.* Even if the alleged date was a mere oversight, the burden was on the State to prove that Defendant violated his probation; consequently, it was the State's responsibility to identify and address this error. *Johnson*, 246 N.C. App. at

135, 782 S.E.2d at 552. There is insufficient evidence, much less *competent* evidence, to show Defendant violated his probation by committing a criminal offense on the alleged date.

This holding is further supported by considering, in combination, the specific timing requirements outlined in North Carolina General Statute Section 14-208.9(e) and the purpose of the notice requirement. A registered sex offender has ten days to report a new online identifier, or any changes to an existing one, to the registering sheriff. N.C. Gen. Stat. § 14-208.9(e). Thus, the date alleged in the violation report, along with the date on which the ten-day period ended, is determinative. Even if we were to assume the violation report contained a typographical error and was intended to state "3/18/23" rather than "1/18/23," the report's filing date of 21 March 2023 would fall within the ten-day period, meaning Defendant would not yet be in violation of his probation for the alleged criminal offense.

The State contends to the extent that the trial court incorporated a specific date into its revocation order that was not supported by the evidence, that is not dispositive where the *conduct* underlying the violation was supported by Cook's testimony. This argument contradicts the controlling statutory authority and established case law.

First, the date of establishing or changing an online identifier on social media "site" is critical because Defendant had ten days to register an online identifier with the sheriff before he would have committed the criminal offense alleged as a violation

of probation. *See id.* There is no evidence in the record as to the specific date on which Burnette and Cook conducted the check-up or when the ten-day period began and ended. There is no evidence showing when Burnette inquired with the sheriff about Defendant's registration status, nor whether this occurred after the ten-day period had expired. Absent this evidence, this Court cannot determine the timing that would have proven Defendant violated North Carolina General Statute Section 14-208.11(a).

Moreover, in addition to the 18 January 2023 date, we cannot conclude that the evidence was sufficient to support a finding that Defendant committed a criminal offense by failing to register a "social media [site]," specifically Snapchat and Reddit. The State presented evidence of the alleged violation through Cook's testimony. Cook testified that he found multiple social media applications, including Snapchat, on Defendant's phone. Cook's involvement was limited to the check-up on Defendant, with his remaining testimony based only on Burnette's narrative notes. We acknowledge that during a probation revocation hearing, the trial court is "not bound by the formal rules of evidence" and may consider hearsay evidence. *Murchison*, 367 N.C. at 465, 758 S.E.2d at 359 (citation omitted).

However, this Court has held that evidence was insufficient when the State only relied upon a violation report and testimony from the probation officer stating that the defendant was arrested for a crime, as this evidence only showed that he was arrested, not that he committed a crime. *See Graham*, 282 N.C. App. at 160, 869

S.E.2d at 778. The same is true here. The State presented the violation report and testimony from Cook, stating that Defendant had unregistered online identifiers. Cook was not aware, even with Burnette's notes, who was contacted in the sheriff's office, when the sheriff was contacted, and how the sheriff learned that Defendant had unregistered Snapchat and Reddit accounts. Further, there was no evidence of registration documentation showing what Defendant had or had not registered. Thus, the evidence showed only that Defendant had accounts on Snapchat and Reddit in March 2023, and the trial court could infer he used some sort of online identifier on these accounts. The evidence, however, did not show that Defendant failed to register these accounts within the ten-day period after he created or changed an online identifier, thus committing a crime.

We hold there was insufficient evidence to show that Defendant failed to register an online identifier within ten days of its creation or change to the registering sheriff. Therefore, the trial court abused its discretion by revoking Defendant's probation on the grounds that he committed a criminal offense under North Carolina General Statute Section 15A-1343(b)(1).

## III. Conclusion

We hold the violation report complied with the notice requirement under North Carolina General Statute Section 15A-1345(e), so the trial court had subject matter jurisdiction in Defendant's probation revocation hearing. We further hold, however, that there was insufficient competent evidence that Defendant violated his probation

by committing a criminal offense. The trial court's judgment revoking Defendant's probation is reversed.

REVERSED.

Chief Judge DILLON and Judge GORE concur.