An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-992

Filed 20 May 2026

Cumberland County, Nos. 22CR050476-250, 23CR005219-250

STATE OF NORTH CAROLINA

v.

TRAVEN LAREE BRANCH, Defendant.

Appeal by defendant from judgment entered 22 January 2024 by Judge George R. Hicks III in Superior Court, Cumberland County. Heard in the Court of Appeals 9 September 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Brenée W. Orozco, for the State.*

*Cooper Strickland for defendant-appellant.*

STROUD, Judge.

Defendant Traven Branch appeals the trial court's revocation of his probation and activation of his sentences in Cumberland County Case Nos. 22 CRS 050476 and 23 CRS 005219. He argues that the trial court abused its discretion by revoking his probation because the evidence was insufficient to establish that he willfully absconded from supervision. And he claims that the trial court violated his right to

due process by failing to ensure that his admission of the violations and waiver of his right to a hearing were knowing and voluntary.

We hold that the trial court lacked jurisdiction to revoke Defendant's probation in Case No. 23 CRS 005219 because the only revocation-eligible violation the court considered—absconding—appeared in an addendum the State never served on Defendant. As for Case No. 22 CRS 050476, we hold that Defendant's in-court admission through counsel provided competent evidence of the absconding violation and satisfied due process. We therefore vacate in part and affirm in part.

## I.    Background

On 11 October 2021, in Columbus County Case No. 18 CRS 000365, Defendant pleaded guilty to possession of a firearm by a felon. The trial court sentenced him to 12 to 24 months' imprisonment, suspended the sentence, and placed him on 30 months of supervised probation. The court transferred supervision to Cumberland County, where the case was renumbered 23 CRS 005219.

A few months later, the State charged Defendant with discharging a firearm into an occupied vehicle on 6 January 2022. His probation officer filed a "Delegated Authority Violation Report," which alleged that Defendant had been "found in possession of a firearm" and charged with discharging a weapon into an occupied vehicle. The report invoked the Division of Community Corrections' authority under North Carolina General Statute Section 15A-1343.2(f)(2) to impose two additional

probation conditions on Defendant: a curfew and electronic monitoring. *See* N.C. Gen. Stat. § 15A-1343.2(f)(2) (2023) (allowing the Division to "require an offender . . . to . . . (2) [s]ubmit to a curfew . . . and wear a[n] [electronic monitoring] device"). Defendant did not appeal the modification.

In April 2023, in Cumberland County Case No. 22 CRS 050476, Defendant pleaded guilty to discharging a weapon into occupied property. The trial court sentenced him to 29 to 44 months' imprisonment, suspended the sentence, and placed him on 18 months of supervised probation.

On 16 October 2023, Defendant's probation officer filed two probation violation reports. The first, filed in Case No. 22 CRS 050476, noted that Defendant "ha[d] previously served 0 periods of confinement in response to [probation] violations" and alleged that he had "willfully violated" three conditions of his probation:

> 1. Condition of Probation ". . . [D]efendant shall pay to the [c]lerk of [s]uperior [c]ourt the restitution amount due as directed by the [c]ourt or probation officer" in that as of the date of this report, . . . Defendant has paid $50.00 on a total amount due of $2,000.00 . . . .
>
> 2. Condition of Probation ". . . [D]efendant shall pay to the [c]lerk of [s]uperior [c]ourt the '[t]otal [a]mount [d]ue' as directed by the [c]ourt or probation officer" in that as of the date of this report, . . . Defendant has paid $0.00 on a total amount due of $808.00 leaving . . . Defendant with an outstanding balance of $808.00[.]
>
> 3. [North Carolina] General Statute [Section] 15A-1343 (b)(1) "Commit no criminal offense in any jurisdiction" in that as of the date of this report, . . . Defendant has pending charges for attempted first degree murder, assault with a

deadly weapon [with] intent to kill [or] inflicting serious injury and flee/elude arrest [while operating a motor vehicle]. This violation is for . . . Defendant's behavior for continuing to commit criminal offenses.

(Capitalization altered.)

The second report, filed in Case No. 23 CRS 005219, likewise noted that Defendant "ha[d] previously served 0 periods of confinement" and alleged that he had "willfully violated" four conditions of his probation:

> 1. Condition of Probation ". . . [D]efendant shall pay to the [c]lerk of [s]uperior [c]ourt the '[t]otal [a]mount [d]ue' as directed by the [c]ourt or probation officer" in that as of the date of this report, . . . Defendant has paid $63.66 on a total amount due of $2,648.80 . . . .
>
> 2. Condition of Probation ". . . [D]efendant shall pay to the [c]lerk of [s]uperior [c]ourt the monthly supervision fee as set by law" in that as of the date of this report, . . . Defendant has paid $96.34 towards his probation supervision fees and is currently $863.66 in . . . arrears.
>
> 3. Condition of Probation "Report for an initial evaluation as ordered . . ." in that as of the date of this report, . . . Defendant has failed to obtain a substance abuse assessment as directed.
>
> 4. [North Carolina] General Statute [Section] 15A-1343 (b)(1) "Commit no criminal offense in any jurisdiction" in that on or about [6 January 2022] . . . Defendant committed the offense of discharg[ing] [a] weapon [into] occupied property and was convicted thereof in Cumberland County, Superior Court on [6 April 2023] . . . .

(Capitalization altered.)

On 3 November 2023, Defendant's probation officer filed an addendum to both reports. Each addendum alleged two additional "willfull[ ]" violations:

1. Regular Condition of Probation: [North Carolina] General Statute [Section] 15A-1343(b)(3a) "Not to abscond, by willfully avoiding supervision or by willfully making the supervisee's whereabouts unknown to the supervising probation officer" in that, on or about [1 November 2023], and after numerous attempts to contact . . . Defendant, including at [his] last known address[,] . . . [he] has refused to make himself available for supervision as instructed by the probation officer, thereby absconding supervision.

2. "Report as directed by the [c]ourt, [c]ommission[,] or the supervising officer to the officer at reasonable times and places . . ." in that . . . Defendant failed to report to his supervising officer as directed on [2 November 2023] and [3 November 2023].

(Capitalization altered.) Defendant signed the addendum in Case No. 22 CRS 050476 on 11 December 2023, acknowledging that he "received" and "underst[ood]" the document and was required to "appear in [c]ourt as directed by" his probation officer. He did not sign the addendum in Case No. 23 CRS 005219.

The revocation hearing took place on 22 January 2024 in Superior Court, Cumberland County. The State recited the violations on the record and asked whether Defendant "admit[ted] [to] the violations and the willfulness thereof." Defendant's counsel responded that Defendant "admit[ted] the violations and the willfulness with the exception of the charge related to any potential pending charges in court currently"—that is, Defendant admitted to the existence of pending charges "but not to any underlying culpability."

The State advised the trial court that the probation officer was "asking for a

90-day terminal CRV."[1]  The court worked through the two cases' procedural posture and asked the State to address the new-conviction and absconding allegations.  The State explained that the absconding allegation was "a different matter" from the "discharging a weapon case."   Defendant's counsel then offered context for the monetary violations and informed the court that Defendant was retaining counsel on the pending charges.

The trial court ruled:

> All right.  Here's my problem: He absconded.  All right. . . . Defendant admitt[ed] the willfulness of all the violations– the violations and the willfulness of all the alleged violations, . . . except as to pending charges which the [c]ourt will dismiss, I believe there's no proof of it, and I'm not going to consider pending charges as a violation.

It ultimately ordered all of Defendant's suspended sentences activated, to run concurrently, and the remaining monies converted to civil judgments.  That same day, the court entered written judgments on the 2023 version of AOC Form CR-607, revoking Defendant's probation and activating his suspended sentences.

Defendant gave oral notice of appeal in open court.

## II.    Jurisdiction

This Court has jurisdiction under North Carolina General Statute Sections 7A-

---

[1] A CRV is a "confinement in response to violations."  *See* N.C. Gen. Stat. § 15A-1344(d2) (2023) ("When a defendant under supervision for a felony conviction has violated a condition of probation other than [N.C. Gen. Stat.] [§] 15A-1343(b)(1) or [N.C. Gen. Stat.] [§] 15A-1343(b)(3a), the court may impose a period of confinement of 90 consecutive days to be served in the custody of the Division of Community Supervision and Reentry of the Department of Adult Correction.").

27(b)(1) and 15A-1347(a). *See* N.C. Gen. Stat. § 7A-27(b)(1) (2023) ("[A]ppeal lies of right directly to the Court of Appeals . . . [f]rom any final judgment of a superior court . . . ."); *see also* N.C. Gen. Stat. § 15A-1347(a) (2023) ("When a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a de novo hearing after appeal from a district court, the defendant may appeal under [Section] 7A-27.").

## III.    Discussion

Defendant first argues that the trial court abused its discretion in revoking his probation in both cases because the evidence "was insufficient . . . to support a finding that he willfully absconded." We begin by examining each case in turn. We then assess Defendant's second argument: that the trial court erred in "failing to ensure" that his "admission of the [probation] violations and waiver of his right to a hearing were knowing and voluntary."

## A.  Case No. 23 CRS 005219

We start with the trial court's written judgment in Case No. 23 CRS 005219. Under AOC Form CR-607's findings section, the trial court checked the second box in finding 2, indicating that Defendant "waived a violation hearing and admitted that he[ ] violated each of the conditions of his[ ] probation as set forth" in finding 3. Finding 3 states:

> 3. The condition(s) violated and the facts of each violation
> are as set forth . . .

☒ a. in [p]aragraph(s) <u>1, 2, 3</u> of the [v]iolation [r]eport . . . dated [<u>16 October 2023</u>].

☒ b. in [p]aragraph(s) <u>1, 2 [a]ddendum</u> of the [v]iolation [r]eport or [n]otice dated [<u>3 November 2023</u>].

(Capitalization altered.) Recall that paragraphs one through three of the violation report cited Defendant's unpaid total amount due to the clerk of court, his unpaid monthly supervision fee, and his failure to obtain a substance abuse assessment. And the addendum's two paragraphs alleged that Defendant had absconded and failed to report to his probation officer on 2 and 3 November 2023. The trial court also checked the box authorizing it to "revoke [D]efendant's probation" for the "willful violation of the condition(s) that he[ ] not commit any criminal offense" under North Carolina General Statute Section 15A-1343(b)(1) "or abscond from supervision" under Section 15A-1343(b)(3a). *See* N.C. Gen. Stat. §§ 15A-1343(b)(1), (3a) (2023) ("As regular conditions of probation, a defendant must: (1) [c]ommit no criminal offense in any jurisdiction[, and] . . . (3a) [n]ot abscond by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer . . . .").

The State observes that the addendum filed in Case No. 23 CRS 005219 "does not contain . . . [D]efendant's signature" and "may not have been served upon . . . [D]efendant." The State thus "concede[s]" that the order revoking Defendant's "probation for absconding should be arrested." Defendant agrees, arguing that "the trial court lacked jurisdiction to revoke [his] probation" insofar as the revocation

rested on the unserved addendum. We agree as well.

We review *de novo* "whether a trial court has subject matter jurisdiction in a probation revocation hearing," because the question "necessarily" turns on "a statutory analysis." *State v. Gault*, 299 N.C. App. 471, 475, 918 S.E.2d 515, 519 (2025) (citation omitted). "A defendant may raise this issue at any time," including for "the first time on appeal." *Id.*

Before revoking probation, the trial court "must . . . hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision," unless the probationer "waives the hearing." N.C. Gen. Stat. § 15A-1345(e) (2023). "The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged." *Id.* And that notice, "unless waived by the probationer, must be given at least 24 hours before the hearing." *Id.*

A trial court's "jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." *Gault*, 299 N.C. App. at 476, 918 S.E.2d at 520 (citation omitted). When the Legislature, by statute, "requires [a] [c]ourt to exercise its jurisdiction in a certain manner" or "otherwise subjects the [c]ourt to certain limitations, an act of the [c]ourt beyond these limits is in excess of its jurisdiction." *State v. McCaster*, 257 N.C. App. 824, 827, 811 S.E.2d 211, 213 (2018) (citation omitted). North Carolina General Statute Section 15A-1345(e) imposes one such limit. As we stated in *Gault*: Because "Section 15A-1345(e) prescribes a certain limitation, a notice requirement, before the trial court can act, it is jurisdictional."

*Gault*, 299 N.C. App. at 476, 918 S.E.2d at 520.  So "without adequate notice and a statement of the alleged violation, the trial court lacks jurisdiction to revoke a defendant's probation."  *Id.* (citation omitted).

Here, the record confirms what the State "concede[s]": the addendum does not bear Defendant's signature, and nothing else suggests that he received notice of the addendum or of a hearing on it.  Defendant's signature, as he emphasizes, "appears *only* on" the addendum filed in Case No. 22 CRS 050476—not the addendum filed in this case.  And Defendant did not waive his right to statutory notice by appearing at the revocation hearing.  *See McCaster*, 257 N.C. App. at 828, 811 S.E.2d at 214 (rejecting the State's argument that the defendant waived statutory notice by "voluntarily appearing before the court and participating in her revocation hearing").  Because Defendant did not receive notice and did not waive notice, the trial court lacked jurisdiction to revoke his probation in Case No. 23 CRS 005219 based on the addendum.  *See Gault*, 299 N.C. App. at 476, 918 S.E.2d at 520.

The State argues that the revocation can still stand on a different ground.  The 16 October 2023 violation report, which the State served on Defendant, alleged that Defendant committed a new criminal offense—discharging a weapon into occupied property on 6 January 2022—for which he pleaded guilty to on 6 April 2023.

But the trial court foreclosed that path.  The written revocation judgment, as Defendant correctly points out, "only references absconding"—not any new criminal offense.  Setting aside the unserved addendum, only the three allegations the court

relied on from the served 16 October violation report remain: Defendant's unpaid total amount due to the clerk of court, his unpaid monthly supervision fee, and his failure to obtain a substance abuse assessment. None of those allegations permits a trial court to revoke probation in the first instance. *See State v. Brown*, 279 N.C. App. 630, 633, 865 S.E.2d 753, 756 (2021) ("Probation may be revoked in three circumstances: (1) the trial court has previously ordered two 90-day periods of confinement, (2) the probationer commits a new criminal offense, or (3) the probationer absconded from supervision." (citations omitted)).

We therefore vacate the trial court's judgment in Case No. 23 CRS 005219.[2]

## B. Case No. 22 CRS 050476

The written judgment in Case No. 22 CRS 050476 follows the same AOC Form CR-607 structure as the judgment we just examined. The trial court checked the second box in finding 2, again indicating that Defendant "waived a violation hearing and admitted that he[ ] violated each of the conditions of his[ ] probation as set forth" in finding 3. Finding 3 states:

> 3. The condition(s) violated and the facts of each violation
> are as set forth . . .
>
> ☒ a. in [p]aragraph(s) <u>1, 2</u> of the [v]iolation [r]eport . . .

---

[2] Because we resolve Case No. 23 CRS 005219 on this ground, we do not reach Defendant's remaining arguments.

dated [16 October 2023].

☒ b. in [p]aragraph(s) 1, 2 [a]ddendum of the [v]iolation [r]eport or [n]otice dated [3 November 2023].

(Capitalization altered.) As before, the alleged violations come from the 16 October violation report and the 3 November addendum. The report's first two paragraphs concerned Defendant's unpaid restitution and his unpaid total amount due to the clerk of court. The addendum's two paragraphs covered absconding and Defendant's failure to report to his probation officer on 2 and 3 November 2023. The trial court also checked the box authorizing it to "revoke [D]efendant's probation" for the "willful violation of the condition[ ]" that he not "abscond from supervision" under Section 15A-1343(b)(3a).

Both parties agree that our review is limited to whether the trial court erred in revoking Defendant's "probation for absconding." Defendant says it did. He argues that "neither the allegations in the relevant violation reports dated 3 November 2023 nor the transcript of the revocation hearing support a finding of absconding." We disagree.

The State's burden at a revocation hearing is modest. The evidence need only "reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." *State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation omitted). Once the State "presents 'competent evidence establishing a defendant's failure to comply with the terms of

probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms.' " *State v. Melton*, 258 N.C. App. 134, 136, 811 S.E.2d 678, 680 (2018) (citation omitted). And on appeal, we review a trial court's revocation only "for abuse of discretion"—asking whether the ruling "is so manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *Brown*, 279 N.C. App. at 633, 865 S.E.2d at 756 (citation omitted).

Absconding is one of three grounds on which a trial court may revoke probation in the first instance. *See* N.C. Gen. Stat. § 15A-1344(a) (2023) ("The court may only revoke probation for a violation of a condition of probation under [N.C. Gen. Stat. §] 15A-1343(b)(1) or [N.C. Gen. Stat. §] 15A-1343(b)(3a), except as provided in [N.C. Gen. Stat. §] 15A-1344(d2).").  A probationer absconds when he "willfully avoid[s] supervision" or "willfully mak[es]" his "whereabouts unknown to the supervising probation officer." *Id.* § 15A-1343(b)(3a).  And once "the trial court finds that a defendant has absconded in violation of Section 15A-1343(b)(3a)," it "may revoke probation and activate a defendant's suspended sentence based solely upon this finding." *State v. Crompton*, 270 N.C. App. 439, 443, 842 S.E.2d 106, 110 (2020), *aff'd*, 380 N.C. 220, 868 S.E.2d 48 (2022).

*State v. Brown* is on point. *See Brown*, 279 N.C. App. at 630, 865 S.E.2d at 753. The defendant there, like Defendant here, appealed his probation revocation on the ground that the State had "not present[ed] competent evidence that he had

absconded." *Id.* at 630-31, 865 S.E.2d at 755. But the defendant "admitted to absconding" at his revocation hearing. *Id.* at 632, 865 S.E.2d at 755. This Court held that the admission was dispositive. An "in-court admission of [a] willful . . . violation," we said, "satisfies due process requirements at a probation revocation hearing." *Id.* at 633, 865 S.E.2d at 756 (quoting *State v. Sellers*, 185 N.C. App. 726, 728, 649 S.E.2d 656, 657 (2007)). It also discharges the State's evidentiary burden: "[W]hen a defendant admits to willfully violating a condition of his or her probation in court, the State does not need to present evidence to support the violations." *Id.* at 633-34, 865 S.E.2d at 756. So the defendant in *Brown* could not later argue that the State had failed to produce evidence he had told the court was unnecessary. *Id.* at 635, 865 S.E.2d at 757.

The same is true of Defendant. When the State asked whether he admitted the alleged "violations and the willfulness thereof," Defendant's counsel answered yes, with one exception: Defendant did not admit any underlying culpability for the pending criminal charges. Although he argues this admission was insufficient,[3] *Brown* resolves the matter. As we clarified there, "[w]hen Defendant admitted to absconding, he waived the State's burden of producing competent evidence of the violation." *Id.* at 634, 865 S.E.2d at 757 (footnote omitted). Defendant, that is, "cannot now argue that the State failed to meet this burden." *Id.*

---

[3] We take up Defendant's separate due process challenge to the admission below.

We "affirm the trial court's finding that Defendant absconded in violation of his probation, based on [his] own admissions and the allegations" in the addendum. *Id.* at 635, 865 S.E.2d at 757.

**C. Defendant's Admission**

Defendant contends that the trial court violated his right to due process "by failing to ensure that [his] admission of the violations and waiver of his right to a hearing were knowing and voluntary." We disagree.

"When determining whether a defendant's due process rights were violated, we apply a *de novo* standard of review." *State v. Joyner*, 284 N.C. App. 681, 693, 877 S.E.2d 73, 83 (2022) (citation omitted). In *State v. Sellers*, we held that "[i]n North Carolina, a probation revocation hearing is not a formal trial and, as such, due process does not require that the trial court personally examine a defendant regarding his admission that he violated his probation." *Sellers*, 185 N.C. App. at 727, 649 S.E.2d at 656 (footnote omitted). The defendant in *Sellers* pressed the opposite view. He argued that the trial court erred by accepting his counsel's admissions without personally examining him about the waiver. *Id.* at 728, 649 S.E.2d at 657. We rejected that argument: An admission through counsel "that he had violated his probation conditions . . . was sufficient to meet due process." *Id.* at 727, 649 S.E.2d at 657.

So too here. Defendant's counsel admitted on the record that Defendant had violated his probation conditions. Under *Sellers*, that admission "was sufficient to

meet due process." *Id.*

Defendant resists this conclusion, relying on several out-of-jurisdiction and thus nonprecedential cases. But "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citation omitted). *Sellers* squarely decided the issue Defendant raises. We therefore reject his argument and hold that the trial court did not err.[4]

## IV.   Conclusion

For the reasons explained above, we vacate the trial court's judgment in Case No. 23 CRS 005219 and affirm its judgment in Case No. 22 CRS 050476.

AFFIRMED IN PART; VACATED IN PART.

Judges ARROWOOD and STADING concur.

Report per Rule 30(e).

---

[4] Defendant also argues that he "received ineffective assistance of counsel when his trial attorney admitted the absconding violating without his on-the-record consent." "To avoid infringement of a probationer's due process rights," he asserts, "a knowing and voluntary waiver should occur through the written or on-the-record agreement of the probationer." We have already determined that there was no error in Defendant's counsel admitting the violations on Defendant's behalf. This argument is thus without merit, and we decline to review it.